Randal *v.* Jersey Mortgage Investment Co., Appellant et al.

(1)

Argued December 2, 1931. Before FRAZER, C. J., WALLING, SIMPSON, KEPHART, SCHAFFER, MAXEY and DREW, JJ.

*Samson B. Bernstein,* with him *William Trumbull Aldrich, Jr.,* for appellant.—An assignment of mortgage in Pennsylvania does not grant to the assignee any title, estate or interest in the premises; it assigns to him only a security for the payment of money, a bare encumbrance and the accessory of a debt. Assignee's right of possession is ineffective to carry with it the right to the

rents, issues and profits until he obtains actual possession of the premises by dispossessing the owner of the legal estate of actual possession by regular entry by suit (ejectment): Presbyterian Corp. v. Wallace, 3 Rawle 109, 119; Harper v. Rubber Co., 284 Pa. 444; Talbot's App., 2 Walker 67.

The mortgagor is the owner of the legal estate and by the practice in this State he retains possession and has the right to receive the rents, issues and profits until he is dispossessed of actual possession of the premises by regular entry by suit (ejectment), or foreclosure proceedings.

Notice by assignee of mortgagee to tenants is not regular entry by suit (ejectment), or foreclosure proceedings, and is a nullity, as such privity does not exist as would enable a mortgagee to compel tenants of the mortgagor to pay him rent: Myers v. White, 1 Rawle 353; Bulger v. Wilderman, 101 Pa. Superior Ct. 168; Abraham, etc., B. & L. Assn. v. Miller, 13 Pa. D. & C. 73.

*W. Horace Hepburn, Jr.,* for appellee.—The owner can be held in equity as trustee for lien creditors and restrained from committing waste, or he may be held through an accounting for the values he has taken out of the land, which stands as security for the payment of the liens: Shields v. Pittsburgh, 252 Pa. 74; McCaul v. Lennox, 9 S. & R. 302.

It is the contention of the appellee in this case that he had a right to enter into possession, give notice to the tenants in accordance with the terms and conditions of his mortgage, and collect the rents until his debt was paid: Tryon v. Munson, 77 Pa. 250; Martin v. Jackson, 27 Pa. 504; Long v. Seavers, 103 Pa. 517; Hershey v. Metzgar, 90 Pa. 217.

OPINION BY MR. JUSTICE SIMPSON, January 5, 1932:

The Jersey Mortgage Investment Company, hereinafter called owner, was the record owner of an apart-

ment house in the City of Philadelphia, subject to two mortgages, plaintiff being the assignee of the second of them. It was in the usual form, conveying to the mortgagee, his heirs and assigns, the property described, together with "the reversions and remainders, rents, issues and profits thereof." After it became due and payable, plaintiff notified the tenants of the property, all of whose leases were subsequent in date to the execution of plaintiff's mortgage, that he required them to pay the rent to him. Seven of them did so; nevertheless, on three different months, the owner distrained upon all of them, and, on each occasion, a writ of replevin was issued by each tenant to recover the goods distrained. With matters in this shape, plaintiff filed the present bill in equity, praying a decree that an injunction be granted against the owner and his real estate agent who ordered and his constable who made the distraints, from further proceeding therewith; that the tenants be required to pay their rents to plaintiff; that the replevin suits be consolidated into this proceeding; and for other relevant relief. The owner and his agent and constable answered the bill, including therein new matter, in the nature of a cross bill, and prayed that the tenants be decreed to pay their rent to the owner; that plaintiff be required to account for the rents he had collected; that he be enjoined from collecting any further rents; and for other relevant relief. Pending the trial of the case, the property was sold by the sheriff, who conveyed it to the purchaser at the sale, and thereafter the suit was continued only with regard to the rents which had accrued and been paid to plaintiff or the owner, between the date of plaintiff's notice to the tenants and the date of the deed from the sheriff.

The court below granted an injunction against the owner and his agent and constable, from collecting anything further on account of the rents which accrued between the dates specified, and from proceeding with the replevin suits; and further decreed that plaintiff pay

the owner a sum of money, which represented the difference between the expenses paid by the owner after the date of plaintiff's notice, in order to keep the property tenanted, and the rents subsequently collected by the owner; and placed the costs of suit on the owner. It appealed, and, in its statement of the question involved, only asks us to decide whether or not, under the foregoing facts, plaintiff's notice to the tenants justified them in paying and plaintiff in receiving the rents which the tenants' leases stipulated should be paid to the owner.

In Bulger v. Wilderman and Pleet, 101 Pa. Superior Ct. 168, that tribunal has reviewed all the relevant authorities in this State touching the questions at issue here, and has so clearly and satisfactorily determined all the points involved, that we need only state them and refer interested parties to the report of that case. The relevant questions there decided are as follows:

1. While ordinarily, as to third parties, a mortgage may be only a security for the debt specified in the accompanying bond, it is, as to the mortgagor and mortgagee, and those claiming under and through them, a conveyance of the land, and may be enforced as such whenever the mortgagee deems it necessary so to do in order to enable him to speedily and effectively recover the amount then due on the bond.

2. Whenever it is necessary for a mortgagee, or his assignee, to enter into possession of the mortgaged property, in order to secure effectively what is due to him under the bond, he may do so peaceably, if he can, or by ejectment, if this becomes necessary.

3. Whenever a mortgagor or one claiming title under him leases the mortgaged premises after the execution of the mortgage, his rights are necessarily subject to the prior rights of the mortgagee or his assignee, unless there is an agreement otherwise. Hence, if, under such circumstances, upon notice to the tenant, the latter pays the rent to the mortgagee or his assignee, it is the equiva-

lent of an attornment, and the mortgagor and those claiming title under him, cannot justly complain of such payments.

4. If a mortgagor or one claiming title under him collects rent from the tenant after the mortgagee or his assignee has properly notified the tenant to pay the rent on account of the mortgage debt, such owner will be held liable to account to the mortgagee or his assignee for the rent thus received, less any payments made on account of the property, which inured to the benefit of the one who should ultimately be found entitled to the rent so collected.

5. If the mortgagee or his assignee collects rent from the tenant by virtue of the right so to do given by the mortgage, he must account therefor to the mortgagor, or those claiming title under him, and allow the net amount as a credit on the mortgage debt.

6. Whenever, by the terms of a mortgage, the rents of the property are expressly conveyed to the mortgagee, the latter or his assignee may, if the owner is in default, enforce that provision according to its terms. We are aware that the vice-chancellor, who wrote the opinion in Myers v. Brown, 92 N. J. Eq. 348, reached an opposite conclusion, and held that the words "together with the rents, issues and profits thereof" are practically meaningless; but that is not the law of this State; it is at variance with our unbending rule that all the words of a contract are to be given an appropriate meaning and none are to be treated as surplusage, unless no other course is reasonably possible: Orth & Bro. v. Board of Education, 272 Pa. 411; Nick v. Craig, 301 Pa. 50.

We have carefully considered all the authorities cited by appellant, and do not find any of them in conflict with the views above expressed. Those who are interested in pursuing the subject further than as set forth in Bulger v. Wilderman and Pleet, supra, and the authorities cited therein, may find much food for thought in articles written by Prof. William H. Lloyd, of the Uni-

versity of Pennsylvania, in 73 Univ. of Pa. Law Rev., page 43, and in Pa. Bar Assn. Quarterly, No. 10, page 1; in the note to Bulger v. Wilderman, in 80 Univ. of Pa. Law Rev., page 269; in 15 Minn. Law Rev., page 147; in 19 R. C. L. 309 et seq.; in 41 C. J. 486 et seq.; and in the various authorities and textbooks cited therein and in the footnotes thereto.

The decree of the court below is affirmed and the appeal is dismissed at the cost of appellant.