## Pattan et al. v. Citizens Mortgage Company

*George M. Mason,* for petitioners.
*English, Quinn, Leemhuis & Tayntor,* for receivers.

HIRT, J., January 4, 1934.—Petitioner holds a mortgage for $7,500 against land owned by Citizens Mortgage Company, which, since April 1, 1933, has been in the hands of receivers appointed by this court. Interest on this mortgage has been in default since April 14, 1933, and taxes for 1933 are unpaid. During this period of default, however, the receivers have collected income from the property consisting of rents amounting in all to $315. Petitioner prays for an order on the receivers directing them to pay the taxes against the property now in arrears, out of the above fund of $315, and to pay her the balance remaining to apply on interest past due on her mortgage. The receivers admit the facts averred in the petition but demur to the same on the ground that petitioner has not attempted to go into possession of the land since a default in the terms of her mortgage.

If Citizens Mortgage Company had been in possession of the land during the period of default, petitioner could have secured herself as to the rentals of the property by going into possession of the land by one of the methods indicated in Bulger v. Wilderman & Pleet, 101 Pa. Superior Ct. 168, and Randal v. Jersey Mortgage Investment Co. et al., 306 Pa. 1. The possession of the land by receivers in effect has taken from petitioner these remedies under the law, and it would be most inequitable to say that therefore petitioner has no remedy and that the rents collected from the mortgaged property belong in a fund for distribution among creditors generally. We believe that the rule adopted by the bankruptcy court in parallel circumstances is the rule to be applied here, and that between a mortgagee and general creditors the income earned by the land should be awarded to the mortgagee to be applied on interest in default.

And now, to wit, January 2, 1934, it is ordered that the receivers of Citizens Mortgage Company pay all the taxes in arrears on the premises described in the mortgage of Maude Boor Fletcher, known as 1735 Oxford Street, Erie, Pa., out of the fund of $315, rents collected by them from the property, and pay the remainder of said fund to Maude Boor Fletcher to apply on her mortgage. It is further ordered that so long as said mortgage shall remain in default the income earned by the property shall be paid to petitioner to apply on her mortgage.                    From Otto Herbst, Erie, Pa.