## Mackay's Estate

*James F. McMullan,* of Shields, Clark, Brown & McCown, for exceptant.

*Edwin S. Ward* and *Abraham Friedman,* contra.

KLEIN, J., February 28, 1936.—The exceptant is the holder of a mortgage secured against one of the parcels of real estate owned by decedent at his death. The account before us included rents from this property as

well as from other properties, collected by the accountant pursuant to a decree of this court, granted upon a petition of the accountant asking leave to collect rents to pay decedent's debts, since the personal estate was insufficient for this purpose.

The mortgagee took no steps to take possession of the mortgaged premises and made no demand upon the tenant for the rents. At the audit he contended for the first time that the rents derived from the mortgaged premises and collected by the administrator, pursuant to the authority granted by this court, must first be applied in payment of taxes on the mortgaged premises and interest and other obligations due under the mortgage.

The learned auditing judge refused to allow this claim and properly treated the rents as part of the general fund available for decedent's creditors.

In Bulger v. Wilderman et al., 101 Pa. Superior Ct. 168 (1931), the mortgagee's right to collect rent is fully discussed in an exhaustive opinion by Judge Keller. This was followed by Kenwood v. Dordick et al., 104 Pa. Superior Ct. 12 (1932). The principles laid down in these cases are summarized and affirmed by the Supreme Court in Randal v. Jersey Mortgage Investment Co. et al., 306 Pa. 1 (1932).

In General Tire Co. v. Tennis et al., 21 D. & C. 85 (1934), relied upon by the auditing judge, these cases as well as the general law on the subject were carefully reviewed. The court there refused to permit a mortgagee to intervene to claim rents in the hands of the sheriff, collected in a foreign attachment proceeding, as against an attaching creditor of the mortgagor-owner, who had leased the premises to the garnishee, where the creditor attached the rents before the mortgagee asserted his rights to claim them. The court, at page 88, said:

"There always exists the right of the mortgagee to have the tenant in possession of the mortgaged prem-

ises pay to the mortgagee the rent which otherwise the tenant would pay to the landlord mortgagor, but this right does not become complete until the mortgagee makes demand upon the tenant and requires the tenant to pay to the mortgagee the rents which otherwise the tenant would pay to the landlord mortgagor."

The claim of the exceptant comes too late. A mortgagee cannot sit idly by and permit the owner to collect the rents from the mortgaged premises and then complain because they have not been collected for his benefit. Vigilantibus et non dormientibus, jura subveniunt. The exceptant has slept on his rights. We must assume that he was satisfied with his security if he took no steps to avail himself of his right against the tenant for rents.

At the suggestion of the learned auditing judge, we are correcting a statement inadvertently made in the adjudication, which, however, was merely dictum and in no way affects his conclusion. After commenting on the fact that the mortgagee never made demand upon the tenant for payment of rent to him, he said, "I think that when leave was granted to the administrator to collect the rents for payment of decedent's debts his right to make such a claim ceased".

This statement is obviously erroneous. We are of opinion that the rights of the accountant to the rents rose no higher than those of the decedent in his lifetime. An administrator or executor steps into the shoes of the decedent. Death of the mortgagor does not prevent the mortgagee from foreclosing, sequestering the rents or taking other appropriate action necessary to safeguard his investment. The exceptant, had he acted, could have protected his position.

There is no merit to the questions raised by the other exceptions. The conclusions of the auditing judge are affirmed for the reasons set forth in the adjudication.

Accordingly all of the exceptions are dismissed and the adjudication is confirmed absolutely.