Opinion by
 

 Hirt, J.,
 

 This appeal arises from a controversy as to the right of possession of certain seated lands in the Borough of Youngsville in Warren County. Defendants claim the right as purchasers at a tax sale; plaintiff asserts that, as mortgagee of a former owner, he is entitled to exclusive possession and to the rents and profits as incidents thereof.
 

 The facts are not in dispute. Plaintiff is the holder as mortgagee of a first mortgage given by an owner of the land in 1919. There was a default in the payment of interest in 1924, and thereafter the mortgagor, while still the owner, yielded possession of the land to plaintiff, who has leased it with the dwelling house to tenants and has collected all of the rents and profits. Taxes assessed for the year 1931 were unpaid and when returned and docketed in accordance with the Act of May 29, 1931, P. L. 280, 72 PS 5971b, became a lien on the land subject to that of plaintiff’s prior mortgage. After due advertisement the land was sold by the Treasurer of Warren County at public sale on October 18, 1934
 
 *29
 
 to the County Commissioners, in the absence of bidders at the sale. On the failure of the owner or the plaintiff mortgagee to discharge the tax lien by payment within the redemption period of the act, title to the premises by operation of law vested in the County Commissioners on October 18, 1939. It is conceded that all of the provisions of the Act of 1931, supra, which govern the procedure for the sale of seated lands for taxes, have been fully complied with, and that defendants’ title is in fee simple and is ,now indefeasible. Section 9 of that act provides: “No such sale shall discharge the lien of any mortgage which shall have been recorded before such taxes became liens......and which is or shall be prior to all other liens, except other mortgages, ground rents, municipal claims, and/or other taxes.” From the fact that the
 
 lien
 
 of his mortgage was not divested by the sale, plaintiff contends that his right to possession of the premises under the terms of the mortgage, is unaffected by the vesting of an indefeasible title to the land in the county commissioners, thus raising the basic question in this appeal.
 

 We think the question was properly raised in a proceeding under the Uniform Declaratory Judgments Act of June 18, 1923, P. L. 840, 12 PS 831, as amended. True, with plaintiff in possession, defendant might have brought ejectment, or the plaintiff might have ruled defendants to bring ejectment. Plaintiff refrained from pursuing his statutory remedy but we think that this fact did not oust the jurisdiction of the court in this proceeding. The 1935 amendment, 12 PS 836, provides: “Nothing herein provided is intended to or shall limit or restrict the general powers or jurisdiction conferred by the act hereby amended.” Under general powers it is a matter of judicial discretion whether jurisdiction will be taken in any particular case and where, as here, there are antagonistic claims indicating imminent and inevitable litigation coupled with a clear manifestation that the declaration sought, will end the controversy,
 
 *30
 
 we cannot say that the court abused its discretion in taking jurisdiction
 
 (Capital Bk. & Tr. Company’s Petition,
 
 336 Pa. 108, 6 A. 2d 790) though plaintiff might have had the question determined under another statute providing a special form of remedy. Where the question is to the right to rents as they accrue, a prompt and conclusive decision is important. The necessary delay in a proceeding on a rule to bring ejectment, therefore, does not supply an entirely adequate remedy.
 

 We need not decide the question of the sufficiency of the title of the Act of 1931, supra, a question raised in the court below and referred to in the oral argument. It is not the subject of any assignment of error. Moreover, both parties, by agreement, submitted to the jurisdiction of the court in the declaratory judgment proceeding. Having agreed on the procedure they are bound by the statutory regulations applicable to it. The Declaratory Judgments Act in §11, 12 PS 841 provides that if a statute “is alleged to be unconstitutional, the Attorney General of the State shall also be served with a copy of the proceeding and be entitled to be heard.” This mandatory provision was not followed and the constitutional question, therefore, is not properly before us.
 

 The error in plaintiff’s contention, in asserting the right to possession of the land, lies in assuming that the rights of a purchaser at a tax sale, whose title has become indefeasible, rise no higher than those of a mortgage lien creditor of a former owner.
 

 Every owner of real estate holds it subject to the paramount sovereign power of the Commonwealth to subject it to the burden of taxes and, if need be, to enforce the collection thereof by sale of the land. The land itself is made liable for taxes by assessment and lien, separate and apart from personal liability which may be imposed by statute on the owner for their payment, and an owner is powerless to divest his land of its tax burden except by payment of the taxes. A mort
 
 *31
 
 gagee’s rights, since they are derived by contract with the owner, can rise no higher than the rights of the owner. Accordingly, the Commonwealth or its delegated unit of government, may disregard the private rights of a mortgagee under his mortgage contract and, to enforce its lien for taxes, may sell and transfer ownership of the land liable for the unpaid taxes. It is only by grace that the lien of the prior mortgage is permitted to remain. The legislature has the power to divest a prior mortgage if the direction or authority appears in the statute in clear, positive and certain terms.
 
 Gordon v. Harrisburg et al.,
 
 314 Pa. 70, 171 A. 277.
 

 If it be borne in mind that the title obtained at a valid tax sale is founded upon that paramount sovereign power and right of the Commonwealth, it is at once apparent that the indefeasible title of a purchaser, after the period of redemption expires, must necessarily include the right of possession. The circumstance that the lien of a prior mortgage is permitted to remain by the grace of the legislature, is not inconsistent with that right. “A lien vests no estate and is a mere incident of the debt, to be enforced by a remedy at law, which may be limited”;
 
 Tryon v. Munson,
 
 77 Pa. 250. “An estate in land is the right to the possession and enjoyment of it, while a lien on land is the right to have it sold or otherwise applied in satisfaction of a debt”;
 
 State Bank of Decatur v. Sanders,
 
 114 Ark. 440, 170 S. W. 86. The mortgagee’s right to possession is based solely upon the terms of his mortgage contract with the owner and it is only
 
 between the parties
 
 that a mortgage is a conveyance of the land.
 
 Fluck v. Replogle,
 
 13 Pa. 405;
 
 Randal v. Jersey Mortgage Inv. Co.,
 
 306 Pa. 1, 158 A. 865;
 
 Bulger v. Wilderman and Pleet,
 
 101 Pa. Superior Ct. 168.
 

 We agree with the conclusion of Bbaham, P. J., who, specially presiding, tried the case below, that the Commissioners of Warren County are entitled to exclu
 
 *32
 
 sive possession of the land. On the sale for taxes the estate of the mortgagee terminated and with it, the right of possession; plaintiff mortgagee thereafter had only a lien against the land as security for his debt.
 

 The declaratory judgment and decree is affirmed.