## MALAMUT v. HAINES et al.

### Civil Action No. 1038.

District Court, M. D. Pennsylvania.

Sept. 23, 1943.

Joseph C. Haines, of Camden, N. J., and A. J. White Hutton, of Chambersburg, Pa., for plaintiff.

J. McDowell Sharpe and Edmund C. Wingerd, both of Chambersburg, Pa., for defendants.

JOHNSON, District Judge.

The complaint filed by plaintiff in this action alleges as matters of jurisdiction that plaintiff is the Trustee in Bankruptcy of Ridgway Corporation, a body corporate under the laws of the State of New Jersey, adjudicated a bankrupt in the United States District Court of New Jersey, and a citizen of that state; that the defendants are all citizens of the Commonwealth of Pennsylvania and that the amount in controversy exceeds, exclusive of interest and costs, the sum of three thousand dollars ($3,000).

Plaintiff brings this action to recover the sum of four thousand, six hundred and twenty four dollars ($4,624), with interest from April 4, 1932, at the rate of 6% per annum, and alleges that his claim arises from the refusal of the defendants, who are tenants of certain mortgaged premises, to recognize him as a mortgagee in possession.

The facts are as follows: Pursuant to an order and decree of the Orphans' Court of Franklin County, Pennsylvania, L. Mai Heilman, Ancillary Executrix in Pennsylvania of the Last Will and Testament of George M. Heilman, deceased, late of Hagerstown, Maryland, made, executed and delivered a mortgage, dated April 4, 1932, to Maryland Surety and Trust Company for the use of L. Mai Heilman, Grey Gables, Inc., L. Mai Heilman of the City of Hagerstown, Washington County, Maryland, and Citizens National Bank of Greencastle, Pennsylvania, for the use of Ridgway Corporation of Camden, New Jersey, in the sum of twenty-five thousand, seven hundred sixty dollars and three cents ($25,760.03), the respective interests of the parties being as follows: Maryland Surety and Trust Company for use of L. Mai Heilman $10,000; Grey Gables, Inc. $8,736.03; L. Mai Heilman $2,400; Citizens National Bank of Greencastle, Pennsylvania, for use of Ridgway Corporation $4,624.

The execution and delivery of the mortgage was confirmed by the Orphans' Court of Franklin County on April 9, 1932, and the mortgage was thereupon recorded.

The purpose and intent of the mortgage was to make settlement with the general creditors of the decedent, who had preserved the lien of their claims by filing suit within one year from the date of the death of the decedent. The decedent's personal property and the income from the real estate were insufficient to pay all debts and therefore each of the general creditors mentioned joined in the prayer of the petition and accepted a designated share in the mortgage in full satisfaction of each respective claim.

The defendants in this action are all citizens of the Commonwealth of Pennsylvania and are in possession, as tenants, of the mortgaged premises.

After default in interest and principal payments on the mortgage the plaintiff herein served written notice upon the defendants, reciting the mortgage and the default and notifying the defendants that no rent thereafter due and payable should be paid except to Ridgway Corporation or its duly authorized agent. The notice further provided that in the event of failure on the part of the defendants to comply with the provisions thereof the plaintiff would hold them liable for any rent thereafter becoming due.

After service of the complaint the defendants brought this motion to dismiss the complaint and assigned the following reasons in support thereof:

1. The complaint fails to state a claim against the defendants upon which relief can be granted.

2. The complaint fails to show that a majority of the holders of the mortgage have consented to the bringing of proceedings to enforce the collection thereof.

3. The complaint shows on its face that the Court has no jurisdiction, in that (a) there is no diversity of citizenship between the alleged mortgagee, the Citizens National Bank of Greencastle, Pennsylvania, and the defendants, and (b) the diversity of Citizenship alleged is not the basis for Federal jurisdiction.

4. Because the legal title to the land in question is in the Citizens National Bank of Greencastle, Pennsylvania, which has not been made a party plaintiff.

5. The complaint fails to allege the legal title to the real estate, therein referred to,

to be in Ridgway Corporation, the bankrupt, whose Trustee is the plaintiff.

The defendants' reasons to dismiss will be discussed in the order in which they are presented and as no affidavits. have been filed and no depositions have been taken the allegations of the complaint will be accepted as true.

First: This section is too general in its terms and comprehends the entire motion to dismiss. It nevertheless raises the sufficiency of the complaint and will be hereafter discussed.

 Secondly: This section of the motion to dismiss is presumably based upon the following provision which appears in the mortgage: "In case of default in payment or performance, as aforesaid, no proceedings for the foreclosures of this mortgage by Scire Facias or otherwise shall be taken without the consent and authority of a majority of the mortgagees filed with the attorney at law authorized by said mortgagees to take proceedings for the foreclosure of said mortgage".

The defendants are not the proper parties to raise this point. The only parties entitled to object on this ground are the co-mortgagees, mortgagees and mortgagor, none of whom have entered an appearance. This is not a "foreclosure of this mortgage by Scire Facias or otherwise". A foreclosure is an action by which the mortgagor's equity of redemption is destroyed. This demand upon the part of the plaintiff to be made a mortgagee in possession has no effect upon the equity of redemption. A mortgagee taking possession does so for the benefit of himself, his co-mortgagees, and the mortgagor to whom possession of the premises must be ultimately restored. Colwell v. Hamilton, 10 Watts, Pa., 413. This is still the law of Pennsylvania.

 Thirdly: Under Rule 17 of Civil Procedure for the District Courts of the United States, 28 U.S.C.A. following section 723c, every action shall be prosecuted in the name of the real party in interest. Inasmuch as the real party in interest in this proceeding is the Trustee in Bankruptcy of a New Jersey Corporation and the defendants are citizens of the Commonwealth of Pennsylvania, there exists a diversity of citizenship and this Court has jurisdiction.

 Fourthly: This point is sufficiently answered in the foregoing paragraph. The plaintiff is the real party in interest in this proceeding.

 Fifthly: The complaint shows, by the exhibits attached, title in George M. Heilman in his lifetime, followed by the action of the ancillary executrix, subject to the approval of the Orphans' Court of Franklin County, Pennsylvania, in mortgaging the real estate of the decedent. The mortgage is in the form of a defeasible conveyance by grant, bargain and sale, and between the mortgagor and the mortgagee and those claiming under and through them, constitutes a conveyance of the title, at least so far as is necessary to enforce it as a security. Bulger v. Wilderman and Pleet, 101 Pa.Super. 168, at page 173; Randal v. Jersey Mortgage Investment Co., 306 Pa. 1, 158 A. 865. As the plaintiff herein represents by operation of law one of the parties for whose use and benefit the mortgage was placed in effect, he occupies the position of a real party in interest in this action.

The motion to dismiss the complaint does not specifically but does generally raise the defect in the complaint; which is the failure to state whether the leases were prior or subsequent to the date of the mortgage.

In the case of Bulger v. Wilderman and Pleet, supra, Judge Keller reviews the Pennsylvania law pertaining to the relation of mortgagor and mortgagee.

"There is some confusion in the decisions in this State on the subject, (See Professor Wm. H. Lloyd's article 'The Mortgage Theory of Pennsylvania,' 73 University of Pennsylvania Law Review 43), but much of it can be cleared up if the opinions are read in the light of the facts in issue and the question involved in the particular case. Generally stated, the rule in Pennsylvania is that although in form a conveyance of title, a mortgage is in reality only a security for the payment of money, or performance of other collateral contract: Wilson v. Shoenberger's Ex'rs, 31 Pa. 295; McIntyre v. Velte, 153 Pa. 350, [25 A. 739]. * * *

"But the conveyance, though only as security, is not without significance and effect. In Lennig's Estate, 52 Pa. 135, cited and relied on by the appellant, it was held that 'when encumbered by the mortgagor for his own debt, the land is but a pledge or security for its payment, and the primary liability rests * * * upon the personal

estate to redeem it;' but it is, nevertheless, a pledge of the land as security, and the effect of the conveyance as security cannot be brushed aside or overlooked: McLaughlin v. Ihmsen, 85 Pa. 364. The mortgagor remains the owner of the land mortgaged but the mortgagee is entitled to its possession to be held as security until his debt is paid. In case of default the mortgagee may proceed on the bond, or he may issue a scire facias on the mortgage, but he is not limited to those remedies. He may also bring ejectment against the mortgagor, and those claiming under him, to recover the possession. His right of possession is not founded on his right to bring ejectment; his right to bring ejectment is based rather on his right to possession under the mortgage; and if he can enter on the premises, without any breach of the peace, he has the right to do so and take the profits until his debt is paid: Erny v. Sauer, 234 Pa. 330, 334 [83 A. 205, Ann. Cas. 1913C, 1241]. His possession is never absolute, but only as a security or pledge for the debt due him. He must account to the mortgagor for the rents and profits received; and when his debt is paid, the mortgagor is entitled to have back his possession, and may recover it in ejectment: Wells v. Van Dyke, 109 Pa. 330; Mellon v. Lemmon, 111 Pa. 56 [2 A. 56]. This right of possession, and to bring ejectment against the mortgagor and those claiming under him, is unquestioned. Mr. Justice Rogers, who wrote the opinions in Rickert v. Madeira, supra [1 Rawle, Pa., 325], and Myers v. White, supra [1 Rawle, Pa., 353], said in Fluck v. Replogle, 13 Pa. 405, 406: 'That the mortgagee has a right to recover possession, immediately on the execution of the mortgage, results from the nature of the instrument itself * * *. Unless there be an agreement to the contrary, the mortgagee has a right to immediate possession.' In Smith v. Shuler, 12 Serg. & R., Pa., 240, it was held that ejectment might be supported on a mortgage, payable by instalments, before all the instalments became due. In Martin v. Jackson, 27 Pa. 504 [67 Am.Dec. 489], that the remedy by scire facias on a mortgage does not exclude the remedy by ejectment; and in Youngman v. Elmira & Williamsport R. Co., 65 Pa. 278, that unless there be a stipulation in the mortgage to the contrary, a mortgagee may maintain ejectment for the mortgaged property before condition broken. The correct principle was stated by Chief Justice Gibson in Presbyterian Corporation [for Relief] v. Wallace, 3 Rawle 109, as follows: 'In form, a mortgage is certainly a conveyance; but it is unquestionably treated at law here, in the way it is treated in equity elsewhere, as a bare incumbrance, and the accessory of a debt. As between the parties it is a conveyance, so far as is necessary to enforce it as a security: As regards third persons, the mortgagor is the owner, even of the legal estate. This distinction, which, if attended to, will be found to reconcile the apparently jarring dicta of the judges, is as firmly established by the practice and decisions of the courts in Pennsylvania, as any other in the law.' "

The case before the Superior Court was one in which the mortgage contained a clause conveying the rents, issues and profits and in which the mortgage was given prior to the lease. Judge Keller stated, supra, that much of the confusion in the decisions in this state "can be cleared up if the opinions are read in the light of the facts in issue and the question involved in the particular case". This is also true of the references in Judge Keller's opinion pertaining to the mortgagee's right to bring ejectment.

In Randal v. Jersey Mortgage Investment Co., supra, 306 Pa. at page 6, 158 A. at page 866, Justice Simpson stated: "Whenever, by the terms of a mortgage, the rents of the property are expressly conveyed to the mortgagee, the latter or his assignee may, if the owner is in default, enforce that provision according to its terms. We are aware that the vice chancellor, who wrote the opinion in Myers v. Brown, 92 N.J.Eq. 348, 112 A. 844, 845, reached an opposite conclusion, and held that the words 'together with the rents, issues and profits thereof' are practically meaningless; but that is not the law of this state; it is at variance with our unbending rule that all the words of a contract are to be given an appropriate meaning and none are to be treated as surplusage, unless no other course is reasonably possible. Orth & Bro. v. Board of [Public] Education, 272 Pa. 411, 116 A. 366; Nick v. Craig, 301 Pa. 50, 151 A. 573." In that case the mortgage was prior to the lease and the quotation must be taken subject to that qualification.

That the positive statement in Randal v. Jersey Mortgage Investment Co., quoted

in the above paragraph, should not be accepted as a complete rule, was recognized by Judge Keller, in Peoples-Pittsburgh Trust Co. v. Henshaw et al., 141 Pa.Super. 585, at page 592, 15 A.2d 711, at page 715, where it is stated: "But even in that case, Mr. Justice Simpson, speaking for the Supreme Court, did not say that the holder of a prior mortgage simply upon giving notice to the tenant to pay the rent to him could require the tenant to do so and bring an action or suit against him for its recovery, but only, that after such notice, the owner of the mortgaged property 'will be held liable to account to the mortgagee or his assignee for the rent thus received, less any payments made on account of the property, which inured to the benefit of the one who should ultimately be found entitled to the rent so collected.' "

In the constant progress of the law pertaining to the rights of a mortgagee in Pennsylvania the decisions have too often contained assertions of those rights without the necessary qualifications which different circumstances impose. This is especially so in regard to the right of the mortgagee, upon default by the mortgagor, to possession of the premises, to collect the rent or to distrain or sue in assumpsit for the rent, to foreclose or bring ejectment against the mortgagor or his tenant, and the different circumstances which control those rights.

Under the decisions of the Courts of Pennsylvania as reported in Brown v. Aiken (Forte, Aplnt.), 329 Pa. 566, 198 A. 441, and Peoples-Pittsburgh Trust Co. v. Henshaw et al., supra, it is now apparent that the law regarding the right of a mortgagee to bring ejectment against the tenant of the mortgagor rests upon the superiority of the mortgage over the lease under which the tenant holds possession.

The first class of cases is those where there is no clause in the mortgage conveying the rents, issues and profits. These cases are divided into two classes:

First: Where the lease is prior to the mortgage. In such event the tenant must pay the rent to the mortgagee upon notice and the mortgagee may distrain or sue in assumpsit for the collection thereof. The mortgagee, however, may not bring ejectment against the tenant for the default of the mortgagor. The mortgage carries with it, as security for payment and as an incident of the reversion or remainder, the right to rents under the prior lease, to be exercised only in case of default. In order to acquire this right there must be an entry and taking of possession by the mortgagee. It was stated in Bulger v. Wilderman and Pleet supra, 101 Pa.Super. at page 176, that the equivalent of entry may be obtained by demand for the rent, and in Brown v. Aiken, 329 Pa. 566, at page 574, 198 A. 441, at page 445, that a collection of rent is a constructive possession only. In this event privity of contract between the tenant and the mortgagee is supplied by the Stat. of 4 Anne, ch. 16, secs. 9 and 10 (see Peoples-Pittsburgh Tr. Co. v. Henshaw, supra, 141 Pa.Super. at page 588, 15 A.2d at page 714), and this is the basis for the mortgagee's right to distrain or sue the tenant in assumpsit for the rent. The mortgagee having taken subject to the prior lease has no superior right by which he can extinguish the lease by foreclosure nor can he bring ejectment against the tenant for default of the mortgagor.

Second: Where the lease is subsequent to the mortgage. In such event the tenant need not pay the rent to the mortgagee upon notice, and the mortgagee may not distrain nor may he sue in assumpsit for the collection thereof. The mortgage does not carry with it any reversion or remainder and no privity of estate or contract exists between the mortgagee and the tenant. An attornment by which the tenant recognizes the mortgagee as his landlord, such as a voluntary payment of rent by the tenant to the mortgagee, is necessary to give the right to the mortgagee to distrain for subsequent rent or sue in assumpsit therefor. The remedy in such a case after default of the mortgagor, is for the mortgagee to assert the superior right of his mortgage over the lease and foreclose, extinguishing the lease, or bring an action of ejectment against the mortgagor or his tenant.

The second class of cases is those where there is a clause in the mortgage conveying the rents, issues and profits. To this class of cases the same reasoning and the same rule applies. In turn they are divided into two classes as follows:

First: Where the lease is prior to the mortgage. In such event the tenant must pay the rent to the mortgagee on notice.

Privity of contract is established between the mortgagee and the tenant by the Stat. of 4 Anne, supra, and the tenant must recognize the mortgagee as his landlord. The mortgagee may therefore distrain or sue in assumpsit for the rent but may not bring ejectment against the tenant for the default of the mortgagor. On foreclosure the lease is not extinguished but the property is sold subject thereto. Possession must be established by the mortgagee as hereinbefore stated in order to acquire the right to the rent.

Second: Where the lease is subsequent to the mortgage. In such event the·tenant need not pay rent to the mortgagee on notice. The mortgage does not carry with it any reversion. The possession of the mortgagor is transferred to the tenant and on the termination of the lessee's possession reverts to the mortgagor. There is no privity of estate or contract between the tenant and the mortgagee and the Stat. of 4 Anne does not apply. There is no recognition by the tenant of the mortgagee as his landlord such as is necessary to give the mortgagee the right to distrain or sue in assumpsit for the rent. The remedy of the mortgagee, after default of the mortgagor is to foreclose and extinguish the inferior lease or bring ejectment.

The decisions of Pennsylvania have now established the right of the mortgagor to retain possession of the mortgaged premises until default.

This discussion brings before this Court a point which is not raised by the motion of the defendant herein to dismiss the complaint. Nor is this point to be found in the complaint itself. The complaint sets forth the fact that the mortgage under consideration contains a clause conveying the rents, issues and profits but does not state whether the mortgage is superior to the leases under which the defendants hold possession. Until a complaint is filed which sets forth such information the rights of the parties are not apparent and no opinion can be rendered.

The motion to dismiss is sustained, and the complaint is dismissed and leave is granted the plaintiff to file an amended complaint within fifteen (15) days from the date of this order.