## MALAMUT v. HAINES et al.

### No. 1038.

District Court, M. D. Pennsylvania.

March 3, 1944.

See, also, 51 F.Supp. 837.

Joseph C. Haines, of Camden, N. J., and A. J. White Hutton, of Chambersburg, Pa., for plaintiff.

J. McDowell Sharpe and Edmund C. Wingerd, both of Chambersburg, Pa., for defendants.

JOHNSON, District Judge.

A motion has been filed in the above entitled proceeding by Mary Diehl Heilman Kieffer and D. Leslie Diehl for leave to intervene as parties defendant under Rule 24(b) of the Rules of Civil Procedure for the District Courts of the United States, 28 U.S.C.A. following section 723c. That Rule provides as follows:

(b) "Permissive Intervention. Upon timely application anyone may be permitted to intervene in an action: (1) when a statute of the United States confers a conditional right to intervene; or (2) when an applicant's claim or defense and the main action have a question of law or fact in common. In exercising its discretion the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties."

In the complaint filed, the plaintiff alleges that he is one of several co-mortgagees under a certain indenture of mortgage, and that the above named defendants are the tenants now in possession of the mortgaged premises. Upon alleged default of the mortgagor in compliance with the terms of the mortgage, the plaintiff served upon the defendants a written notice that no rent thereafter due and payable by the tenant defendants should be paid except to the plaintiff, and made demand for the payment of the rent thereafter due and payable.

A motion to dismiss the complaint was filed by the defendants and, on September 23, 1943, an opinion was filed by this Court sustaining the motion to dismiss and granting leave to the plaintiff to file an amended complaint. That opinion is reported in 51 F.Supp. 837, and contains a complete statement of the questions involved in the action.

The facts under consideration in the present motion to intervene are as follows: Mary Diehl Heilman Kieffer has become by devolution the owner of the real estate described in the mortgage which is the basis for this action. As the owner of the real estate the above named defendants are now her tenants. She desires to intervene as a defendant and, as to her intervention, the plaintiff has no objection. She will, therefore, be permitted to intervene.

The motion of D. Leslie Diehl to intervene is based upon his alleged position as an assignee of a portion of the mortgage. Upon the margin of the Record Book wherein the mortgage is recorded appears the following: "September 12, 1933, for value received I hereby assign, transfer and set over to D. Leslie Diehl of Green Castle, Pa., my share of the within mortgage, to wit:—$12,400.00 with interest from April 4, 1932 at 5% and of the bond which said mortgage secures as collateral security for the payment of two notes held against me by said D. Leslie Diehl; viz., a note of mine dated January 4, 1932, and a note of mine dated March 24, 1932, in the amounts of $5,300.00 and $3,500.00 respectively.

"Witness my hand and seal
L. Mai Heilman

"Witness:—John McD Sharpe

The assignor, L. Mai Heilman was, at the time of the above assignment, a life tenant of the premises involved, and the aforesaid Mary Diehl Heilman Kieffer was the remainderman. L. Mai Heilman, now deceased, was also ancillary executrix in Pennsylvania of the estate of her deceased husband, and it was in that capacity, pursuant to a decree of the Orphans' Court of Franklin County, Pennsylvania, that she became the mortgagor of the real estate here involved.

It is the contention of D. Leslie Diehl that, because of the above recited assign-

ment, he should be allowed to intervene for the following reasons: Firstly, because by reason of the assignment he has become the owner of a portion of the mortgage and has thereby become a co-mortgagee; secondly, that the portion of the mortgage claimed by him is almost three times as large as that portion held by the plaintiff herein; thirdly, that in a proposed answer to be filed in this case an allegation will be made to the effect that the portion of the mortgage held by the plaintiff mortgagee has been paid in full and that D. Leslie Diehl has an interest equal to that of the owner of the premises in defeating the claim of the plaintiff; fourthly, that the interests of the owners of the land, of the tenants and of the mortgagee are so closely allied that, when the possession of title or interest of the owner of the land is attacked by a third party, a mortgagee should have the right to intervene in the protection of the owner's right to possession and to the income from the land.

It is the contention of the plaintiff in opposition to intervention on the part of D. Leslie Diehl, firstly, that the rights of the co-mortgagees are not in conflict; secondly, that it does not yet appear that D. Leslie Diehl is an owner of any part of the mortgage for the following reasons: As appears from the assignment entered upon the margin of the mortgage record, hereinbefore set forth, the assignment was made as collateral security for the payment of the two notes therein mentioned, and the record fails to disclose when the notes matured or whether they still constitute a valid claim.

The contentions of the plaintiff must prevail. There is no conflict between the rights of plaintiff and the rights of D. Leslie Diehl. Assuming for the purpose of this argument that D. Leslie Diehl had established his right to ownership of a portion of the mortgage, he would not be deprived of any right in these proceedings if he were not a party thereto. His co-mortgagee, the plaintiff herein, if successful in the prosecution of his claim, will be held to a strict accounting, as trustee, of all money collected. The assignment as entered upon the margin of the mortgage record, taken alone, and without support of additional evidence, which has not been presented, does not establish the right of the petitioner, D. Leslie Diehl, to intervene.

Rule 24(b), under which this motion to intervene is presented, provides for the exercise of judicial discretion in considering whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties. This Court is of the opinion that if D. Leslie Diehl is permitted to intervene, it will only serve to inject into the present proceeding collateral matters, the solution of which must surely serve to delay the adjudication of the rights of the original parties. Moreover, the reasons advanced by D. Leslie Diehl in his petition to intervene are not sound. His first contention, above referred to, that, by reason of the assignment, he has become a co-mortgagee with plaintiff is a better reason for asking leave to intervene as a party plaintiff than as a party defendant. He cannot be on both sides of the same action. His second contention that the portion of the mortgage claimed by him is almost three times as large as that portion held by the plaintiff has no bearing upon the question here involved. His third contention that, in an answer to be filed in this case, an allegation will be made to the effect that the portion of the mortgage held by plaintiff has been paid in full is a defense that will admittedly be made by the owner of the premises who will be permitted to intervene. In this manner the defense of payment can be made without the complications sure to attend the injection of collateral issues. His fourth contention is that the interests of the land owner, the tenants and the mortgagee are so closely allied that when the possession or title or interest of the owner of the land is attacked by a third party, the mortgagee should have the right to intervene in the protection of the owner's right to possession and to the income from the land. There may be some cases where such interests are nearly identical, but it cannot be contended that where, as here, there is a default in the terms of a mortgage by a landowner who is a mortgagor, there arises a situation wherein the interests of the mortgagor and mortgagee are closely allied. It is the default by the mortgagor which creates the necessity to sequester the income from the land for the protection of all interested parties, as well as the protection of the very security itself. Under such circumstances, the interests of the mortgagor and mortgagee are clearly in opposition to each other. For these reasons, D. Leslie Diehl cannot be permitted to intervene.

Now, therefore, the motion of Mary Diehl Heilman Kieffer to intervene as a party defendant in this action is grant-

ed, and the motion of D. Leslie Diehl to intervene as a party defendant in this action is denied. The time for filing an affidavit of defense or other pleading to the plaintiff's amended complaint is, in accordance with the previous order of this Court, extended for 20 days from the date of this order.