Pittsburgh et al. *v.* Fort Pitt Chemical Company, Appellant.

Argued October 5, 1942. Before SCHAFFER, C. J.; MAXEY, DREW, LINN, STERN, PATTERSON and PARKER, JJ.

*H. C. Brandt,* with him *Loran L. Lewis,* for appellant.

*Harry C. Beschel,* Assistant City Solicitor, with him *Anne X. Alpern,* City Solicitor, for appellees.

OPINION BY MR. JUSTICE LINN, November 23, 1942:
The facts appear in a statement agreed to pursuant to Rule 56. Taxes due the City of Pittsburgh for land owned by the Pittsburgh Valve, Foundry & Construc-

tion Company, became delinquent. It had mortgaged its land to the Colonial Trust Company of Pittsburgh, trustee, to secure a bonded indebtedness of $1,100,000. The Construction Company was subsequently declared bankrupt. The District Court, having jurisdiction of the bankruptcy, on April 30, 1940, granted leave to the City to proceed against the real estate for taxes, the order reciting that it appeared "to the Court that a purchaser for the real estate cannot be obtained by the Trustee in view of the large sum of delinquent taxes against the said real estate." When the property was first offered for sale by the sheriff in the delinquent tax proceedings, no bid was received, whereupon he postponed the sale. Supplementary proceedings, under section 31 of the Act of May 16, 1923, P. L. 207, 53 PS section 2051, followed and the court granted a rule, inter alia, on the Colonial Trust Company, trustee for bondholders, to show cause why the sale should not be made clear of liens. No objection was made and the property was sold to the City of Pittsburgh on September 9, 1940. On November 21, 1941, the City, acting on behalf of itself, the County of Allegheny and the School District of Pittsburgh,[1] the present plaintiffs, agreed to sell a part of the land to the Fort Pitt Chemical Company for $22,000. The Chemical Company then objected to the title proposed to be conveyed on the ground that the lien of the mortgage was not discharged by the tax sale but was preserved by the Act of April 30, 1929, P. L. 874, 21 PS section 651.

A second objection was made to the effect that all the bondholders did not have notice of the proceeding, but this objection was abandoned at the oral argument.

The learned court held that the lien of the mortgage was discharged and entered judgment in favor of the plaintiffs against the defendant. In this court the appellant renews the argument made below that the Act of

---

[1] Such action for the future is authorized by the Act of July 28, 1941, P.L. 536, section 1 et seq., 72 PS Supp. section 6151.1 et seq.

April 30, 1929, P. L. 874, 21 PS section 651, prevented a sale clear of the encumbrance.

The case is ruled by *Erie v. Piece of Land,* 339 Pa. 321, 14 A.2d 428. In view of appellant's argument that the Act of April 30, 1929, supra, by implication repealed that part of section 31 of the Act of 1923, supra, on which this sale was based, it may be noted that for a very long time we have had two lines of statutes; one, beginning with the Act of 1830, P. L. 293, dealing with the preservation of liens, (said to have been enacted in consequence of the decision in *Willard v. Norris,* 2 Rawle 55, 1829), and the other, providing for the sale of land for taxes. Legislation preserving liens was necessary to prevent their discharge but it contained no provision to bring in the lienholder as a party to the action. On a simple sale, the lien of a prior mortgage is saved from discharge. But it was found that contingencies arose in which a buyer, subject to the lien of the mortgage, could not be found. In recent years, legislation providing for sales for delinquent taxes has been much expanded (cf. *Gordon v. Harrisburg,* 314 Pa. 70, 171 A. 277). In the interest of the public it was necessary to provide a method of collecting the tax. The legislature accordingly provided that, on a proper showing, the court may require the mortgagee to be brought in and made a party to the proceeding with opportunity to show cause, in effect, why he should not pay the taxes, or, in the alternative, submit to have his lien discharged and participate in the proceeds of the sale. He may elect to retain his lien by paying the tax or to claim on the proceeds of the sale. The lien-preserving legislation was not intended to and does not authorize the mortgagee to retain his lien at the expense of the taxing power.

In one part of appellant's brief the claim is made that the Act of 1929 "specifically repeals the Act of 1923" and that if not specifically repealed, it is repealed by implication. In another part of the brief it is said,

"It is admitted that the Act of 1929 did not pretend to affect that which the Act of 1923 provided for . . ." It is obvious, we think, that the doctrine of implied repeal cannot be carried to the extent of holding that the Act of 1929, supra, repeals section 31 of the Act of 1923, supra: *Erie v. Piece of Land,* 339 Pa. 321, 14 A.2d 428; *Ferguson's Estate,* 325 Pa. 34, 35, 189 A. 289, 290; *Commonwealth Trust Company of Pittsburgh v. Allegheny Cemetery,* 324 Pa. 78, 83, 187 A. 506, 508; *Statutory Construction Act,* Act of May 28, 1937, P. L. 1019, Art. VII, section 9, 46 PS section 591.

Judgment affirmed.