## Lawrence County Commissioners' Petition

*William McElwee, Jr.*, for petitioners.
*Charles H. Young*, contra.

BRAHAM, P. J., February 8, 1943.—This is a petition for approval of a private sale of land purchased by the county commissioners at a county treasurer's sale for the collection of taxes. The commissioners have held the land for more than the redemption period of two years; there has been no redemption; they have entered into a contract for the sale of said land and now ask the court's approval of the sale, pursuant to the provisions of the Act of Assembly approved May 21, 1937, P. L. 787, sec. 2, as amended by the Act of July 29, 1941, P. L. 600, sec. 1, 72 PS §5878*b*.

At the hearing objection to the sale was made on behalf of the City of New Castle and the School District of the City of New Castle on the ground that the price was insufficient. Evidence was taken from which certain facts may be established.

The real estate consists of a lot of land on Home Street in New Castle, about 35 feet by 200 feet in size, with a large frame dwelling house erected thereon. The home contains three rooms and a reception hall downstairs and four rooms upstairs. It is of an old-fashioned type, not now much in demand, and badly in need of repair. The plumbing, furnace, roof, plaster, and tin work all need renewal. It will require in excess of one thousand dollars to repair the property.

The real estate is assessed at $2,200. The accumulated taxes amount to $1,475.44. Against the property there is a mortgage in the sum of $2,600. It is not made to appear in the evidence whether this mortgage was recorded prior to the date of levy of the taxes upon which sale has been made but this seems to be assumed by all the parties and we accept it as a fact.

It is apparent from the evidence that the proposed purchaser has entered into an agreement with the mortgagee to pay him the sum of $1,000 in satisfaction of the mortgage.

The view expressed by the solicitor for the school district was that the present proceeding should be continued or dismissed and the mortgagee brought in to show cause why the property should not be sold free of the lien of the mortgage. He relied upon a recent case from Pittsburgh, not cited by name or place of report, but apparently Pittsburgh et al. v. Fort Pitt Chemical Co., 345 Pa. 471. It, therefore, becomes necessary to examine the relevant statutes.

The tax sale in this case was held May 1, 1940, to collect 1931-32 school taxes, pursuant to the directions of the Act of May 29, 1931, P. L. 280, as last amended by the Act of June 20, 1939, P. L. 498, 72 PS §5971a

et seq. Section 4 of the Act of 1931, as amended by section 2 of the Act of 1939, 72 PS §5971d, provides that the taxes shall be a first lien and first payable out of the proceeds of a judicial sale, but section 9 of the Act of 1931, as amended by section 5 of the Act of 1939, 72 PS §5971i, provides also with reference to the treasurer's sale:

"Every such sale shall discharge the lien of every obligation, claim, lien or estate with which said property may have or shall become charged, or for which it may become liable, except no such sale shall discharge the lien of any ground rent, municipal claim or tax remaining unpaid or mortgage which shall have been recorded before such taxes became liens, by return and docketing, as herein provided, and which is or shall be prior to all other liens, except other mortgages, ground rents, municipal claims, and/or other taxes".

Section 9 accomplishes the same result so far as mortgages are concerned as the Act of April 30, 1929, P. L. 874, referred to in Pittsburgh et al. v. Fort Pitt Chemical Co., supra, and Erie v. Piece of Land, 339 Pa. 321.

The two cases last cited do affirm the right of a municipality to sell lands for delinquent taxes free of liens including mortgages. But in each case proceedings were under the Act of May 16, 1923, P. L. 207, sec. 31, 53 PS §2051. Even section 31 provides that "Mortgages . . . which were recorded . . . before any tax other than for the current year accrue . . . shall not be disturbed by such sale unless a prior lien is also discharged thereby", so well settled has been the preservation of mortgages from divestiture by tax sale in our law.

There is, however, a procedure authorized by the Act of 1923 under which mortgages may be divested. To begin with, the plaintiff in any judgment obtained upon a tax or municipal lien may, under section 29, 53 PS §2049, fix an upset price beneath which no sale can

be made. If the property is not sold for enough to pay all taxes and municipal liens with costs the plaintiff may postpone the sale and file a petition in court setting out that the lien has been filed for more than a year; that sale was had but not enough realized to pay the upset price in full; that the plaintiff, if "a municipal claimant other than a municipality", will bid sufficient to pay the upset price; and that there are certain mortgages or other liens of record. Thereupon the court is directed to issue a rule upon all parties in interest to show cause why a sale divested of all liens should not be made and upon a proper showing there may be such sale.

Thus the School District of the City of New Castle might have so proceeded on its lien for 1931-32 taxes as to compel the mortgagee of the lands in question either to pay the taxes or lose his mortgage. But nothing of the sort was done. Instead, the property was sold at treasurer's sale under the Act of May 29, 1931, P. L. 280, as amended. This legislation contains no provision for an upset price or for a sale divested of liens. Indeed, in section 12 of the Act of 1931, as amended by section 7 of the Act of June 20, 1939, P. L. 498, 72 PS §5971*l*, the sale is stated to be "free from any liens or encumbrances whatsoever, except such liens as are hereinbefore specifically saved" (among them mortgages). In Pittsburgh et al. v. Fort Pitt Chemical Co., supra, it is said (p. 473) : "On a simple sale, the lien of a prior mortgage is saved from discharge". The sale in the present case was a "simple" one, that is, not one free of liens under the Act of 1923.

It is the legislature which has declared that taxes are to be a first lien and also that a proper mortgage is not to be divested by a tax sale, both commands being included in the Act of 1939. It is the duty of the courts to give effect to both. Thus when the municipalities have not chosen to take advantage of the only procedure by which a sale free of liens might have been had we are

not warranted in trying to engraft the provisions of section 31 of the Act of 1923 upon the Acts of 1931 and 1939 or the Act of May 22, 1933, P. L. 940, as amended, which authorize the sale, and are justified in treating the claims of the municipality and of the mortgagee as each entitled to consideration in determining whether this private sale should be allowed.

Title is now out of the private owner but the title taken and now held by the county commissioners is subject to the lien of a mortgage. This is all they have to sell and it is not surprising that less is offered for it than would have been offered for a title free of liens. Under all the circumstances we believe $600 is a fair and just price for this property subject to a $2,600 mortgage.

Entertaining these views we make the following

### Order

Now, February 8, 1943, this case came on to be heard as per former order of this court, and was heard in open court, and due proof of publication as per former order of this court having been filed in this case, and proof of notice to all the taxing authorities having tax claims against such real estate having been filed, and the case having been duly announced by the court, and after full hearing no valid objections having been interposed to said sale, the court finds that said sale should be made according to the terms thereof set out in said petition, and the said sale hereby is approved and deed is directed to be made by the county commissioners and delivered to Angeline Schiavone upon payment of the purchase money mentioned in said petition, to wit, the sum of $600.