McCauley Appeal.

Gage Petition.

Argued October 14, 1947. Before RHODES, P. J., HIRT, DITHRICH, ROSS, ARNOLD and FINE, JJ. (RENO, J., absent.)

*Raymond E. Zickel,* with him *Lutz, Fronefield, Warner & Bryant,* for appellant.

*Albert H. Pearce,* with him *Thomas J. Reilly* and *Reilly & Pearce,* for appellees.

OPINION BY DITHRICH, J., November 12, 1947:

On May 1, 1940, the Commissioners of Delaware County purchased certain lots in Haverford Township at treasurer's sale. They were sold for nonpayment of 1931 taxes. On November 19, 1946, the county commissioners exposed said lots for sale. They were purchased by J. Lloyd Gage and Georgie A. Gage, his wife, at the "upset" price of $575, which sum was sufficient to pay the delinquent taxes and nothing more. At the time of the commissioners' sale, Margie M. McCauley held a first mortgage against said lots and other properties. The mortgage was dated May 20, 1926, and duly recorded.

Upon the delivery of the commissioners' deed to the Gages, they filed their petition under the Act of July 28, 1941, P. L. 537, 72 PS 6139, and obtained a rule upon George L. Barnes, in whose name the lots had been assessed, and Mrs. McCauley, the mortgagee, to show cause why the title to said lots should not be adjudicated and decreed valid and indefeasible as against all rights or claims whatsoever. The mortgagee filed an answer to the rule admitting all the facts as to the sale, but alleging that the mortgage which she held was a prior lien to the taxes for the nonpayment of which the premises were sold.

Pending the disposition of the rule Mrs. McCauley caused a scire facias sur mortgage to issue naming the Gages as real owners. They filed an answer to the writ of scire facias which is a reiteration of their petition to quiet title and, in addition, they alleged that the mortgage had been divested and extinguished by the treasurer's sale. Mrs. McCauley thereupon entered a rule upon the Gages for judgment for want of a sufficient affidavit of defense.

Both cases came on for hearing at the same time and the court en banc ordered and decreed that the title of the purchasers at the commissioners' sale was valid and indefeasible as against all rights or claims whatsoever, discharged the rule of the mortgagee for judgment for want of a sufficient affidavit of defense, and directed that its decree be entered at both Nos. 136 and 575 December Term, 1946, and be noted on the record of the mortgage. The holder of the mortgage appealed both cases, they were argued together and will be disposed of in one opinion.

Although the Gages in their petition to quiet title alleged that the mortgage had been divested by the treasurer's sale, the court below properly held, in accordance with the provision of section 9 of the Act of May 29, 1931, P. L. 280, 72 PS 5971i, that it had not been so divested (see *Day v. Ostergard et al.*, 146 Pa. Superior

Ct. 27, 21 A. 2d 586), and the parties are now in agreement on that point. But the court held that it had been divested by the commissioners' sale, and that is the point now at issue.

While this is the first time the precise question has been raised in our appellate courts under the Act of 1931, supra, there are decisions under other acts authorizing tax sales which clearly point the way to a decision in these cases. Section 17 of the Act, 72 PS 5971q provides in part that the county commissioners may fix an upset price to be realized for any property exposed to sale by them sufficient to pay all costs; all moneys expended by the county in the conservation of the property; all tax claims and all municipal claims.

The same section further provides that in case the upset price is not bid, the commissioners may postpone the sale and file their petition in the court of common pleas setting forth the facts and showing the state of the record and the ownership of the property. Upon the presentation of such petition the court shall grant a rule upon all the parties thus shown to be interested to appear and show cause why a decree should not be made that the property be sold freed and cleared of all mortgages, etc. After service of the rule upon the parties respondent, the court may, after a hearing, order and decree that the property be sold at a subsequent date to be fixed by the court, clear of all mortgages, etc., to the highest bidder. The same section further provides, and this in our opinion is the gist of the whole matter, that "Where the sale is made without securing an order of court, as aforesaid, such deed shall pass such title as the county commissioners have a right to convey, *but where the sale is made after securing an order, as aforesaid, such deed shall pass title free, clear and discharged of all tax and municipal claims, liens, mortgages, charges and estates of whatsoever kind."* (Emphasis added.)

At first blush it would appear from a partial reading of section 17 that, after the required newspaper advertisement, which was had in this case, the county commissioners could convey a clear and indefeasible title upon the payment by a purchaser of the upset price. But a total reading of the section clearly and definitely establishes to our way of thinking an intent upon the part of the legislature that a purchaser at a commissioners' sale should take title to the property subject to any lien other than those required to be included in the upset price fixed by the commissioners. Otherwise the following provisions in the section would be meaningless. But as we read the entire section it means simply this: if a purchaser at a commissioners' sale is willing to bid in the property at the upset price subject to any other lien, all well and good; but if such a purchaser does not appear, then the commissioners must go into court and upon proper showing obtain an order for a subsequent sale. When this is done the purchaser receives not merely such title as the county commissioners have a right to convey, but a title free, clear and discharged of all liens whatsoever.

If a commissioners' sale is sufficient to divest a mortgage, then why would the legislature provide that on a proper showing the court may require the mortgagee to be brought in, made a party to the proceeding and given an opportunity to show cause, if any, why he should not pay the taxes or in the alternative submit to have his lien discharged; and further amend the act in 1945 (amendment of May 24, 1945, P. L. 945) by providing for a title after a court-approved sale, free of all liens, but not so in the case of a commissioners' sale? Merely to ask the question is to answer it.

A very pertinent statement by the Supreme Court in reviewing the history of tax sales in *Pittsburgh et al. v. Fort Pitt Chemical Company*, 345 Pa. 471, 29 A. 2d 41, is particularly applicable here. Incidentally, the writer of this opinion wrote the lower court opinion in

that case. In affirming the judgment the Supreme Court said (p. 472) : "The learned court held that the lien of the mortgage was discharged and entered judgment in favor of the plaintiffs against the defendant." But in that case the City of Pittsburgh, proceeding under the Act of May 16, 1923, P. L. 207, 53 PS 2051, following the receipt of no bid at the first sale, instituted supplementary court proceedings under section 31 of the Act, the provisions of which are practically identical with those of section 17 of the Act of 1931, supra. The court further said (p. 473), and this is the statement that we hold applies with even greater force to the proceedings now before us for review, that: "On a simple sale, the lien of a prior mortgage is saved from discharge. But it was found that contingencies arose in which a buyer, subject to the lien of the mortgage, could not be found. In recent years, legislation providing for sales for delinquent taxes has been much expanded (cf. Gordon v. Harrisburg, 314 Pa. 70, 171 A. 277)." *Gordon v. Harrisburg* held that (p. 73) : "Without statutory direction or authority the lien of a prior mortgage is not disturbed by a sale for taxes. . . . When the Municipal Lien Act [May 16, 1923, P. L. 207, 53 PS 2051], supra, was enacted, it was necessary to provide for a second sale, the effect of which was to clear the title of all liens and encumbrances, including mortgages." The ruling of the Supreme Court in *Pittsburgh et al. v. Fort Pitt Chemical Company,* supra, that "On a simple sale, the lien of a prior mortgage is saved from discharge" applies with equal force to each of the several Acts of Assembly enacted for the sale of land for taxes, including the Third-Class City Law of June 23, 1931, P. L. 932, 53 PS 12198, enacted subsequent to the act here in question.

In the proceeding to quiet title petitioners contend that in any event the lien of the mortgage should be discharged unless the mortgagee reimburses them for the sum of money which they have expended in connection with the tax sale. This is not the proper time or place

to raise that question. Upon a sale of the premises on the mortgage foreclosure now pending, if the amount of the taxes paid by them is not included in the sheriff's schedule of distribution, they may then file exceptions to the distribution and have their claim judicially determined.

The judgment is reversed and the lien of the mortgage reinstated.