## City of Philadelphia, to use, v. Kelly et al.

*Michael H. Egnal*, for plaintiff.

*Lawrence D. Biele* and *Michael D. Hayes*, for defendants.

Bok, P. J., May 8, 1952.—This is an action to test the validity of certain municipal liens arising out of claims for curbing and paving work performed by Eastern Asphalt Company, use plaintiff, in front of two adjoining premises now owned by defendant Kelly. Kelly's title derives from sheriff's deeds executed upon sale of the properties for delinquent taxes. The dispute grows out of the following uncontroverted facts.

Sale of the properties involved was made pursuant to section 31 of the Municipal Lien Act of May 16, 1923, P. L. 207, 53 PS §2051, after a previously scheduled sale had failed to net the upset price, an amount fixed by the City of Philadelphia, petitioner for the sale, as sufficient to satisfy the tax delinquency: Municipal

Lien Act, sec. 29. Sale under section 31 is declared to pass title to the successful bidder "free and clear of all . . . liens, etc.". Prior to such sale, however, provision is made for service, upon all persons appearing of record to be interested, of a rule to show cause why the property should not be sold discharged of encumbrances. Such notice also guarantees to the parties, thus shown to have an interest, the opportunity to terminate the sale proceeding by payment of the amount claimed to be due to the party petitioning for the sale. Eastern Asphalt, notwithstanding that its liens against the properties appeared of record at the time of the city's petition for the sale and at all times thereafter, received no notice of the proceeding until after the sale to Kelly was completed and the sheriff's deeds to her executed. The amount bid by Kelly was insufficient to satisfy any part of Eastern's claims.

Eastern asks for a determination that its liens continue in force, unaffected by the sale to Kelly, for the reason that it failed to receive the required statutory notice. Kelly has joined the city as additional defendant on the theory that the duty of notifying Eastern was the city's, and that any loss resulting from the city's failure to do so should be borne by it and not by Kelly. . . .

OPINION SUR EXCEPTIONS

BOK, P. J., December 10, 1952.—In this action to quiet title, the City of Philadelphia, as additional defendant, has filed exceptions to the chancellor's findings that certain municipal liens were not discharged at a sheriff's sale. It is needless to repeat the facts, which are agreed upon and appear in the chancellor's memorandum of findings.

The city's argument that we lack jurisdiction has been met by Judge Alessandroni in his opinion dismissing the city's preliminary objections:

"While the statute says that under no circumstances shall the contractor have recourse to the municipality authorizing the work, 53 PS 2024, it does not bar this action. What that language says is that after the contractor has been paid with assessment bills, he must obtain payment from the property. That should not prevent a recovery where the effect of the City's action is to prevent recourse to the property and thereby preclude payment altogether.

"The complaint that the action to quiet title is not the appropriate one because plaintiff is not in possession is not valid. The language of the rules is sufficient to cover this action. Pa. R. C. P. 1061 (b). The Action may be brought (2) '. . . to determine any right, lien, title or interest in the land. . . .' This language is sufficiently broad to cover plaintiff's action. Also Pa. R. C. P. 1066 (b) (4) is a grant of authority to the court to enter any order necessary for the granting of proper relief."

See also Art Novelty Manufacturing Company, Inc., v. Kenworthey, 370 Pa. 471 (1952).

The city's other argument is that the rule of caveat emptor applies to the second sheriff's sale authorized by section 31 of the Municipal Lien Act of May 16, 1923, P. L. 207, 53 PS §2021 et seq. Use plaintiff seeks to preserve its liens.

At the outset, use plaintiff is confronted with the broad language of the act that the purchaser at the second sale "shall take . . . an absolute title to the property . . . discharged of all tax and municipal claims . . .". Put in the context of the judical and legislative history of sheriff's sales in Pennsylvania, this unconditional language must be given its full effect in this case.

Our law governing divestiture of liens by judicial sale has been traditionally unique. Contrary to the

prevailing rule in most common-law jurisdictions, it is a basic proposition that a sheriff's sale divests all liens, even though made on a junior encumbrance. See Brown, Execution Sales: Lien Divestiture and Distribution of Proceeds in Pennsylvania, 17 Temple Law Quarterly, 217 (1943); Note, 89 University of Pennsylvania Law Review 373 (1941). This rule might readily be overlooked in modern practice because of statutory modifications which preserve the liens of taxes, municipal claims, and mortgages in certain circumstances. But that very fact emphasizes that the insulation from divestiture of these liens must be by statute: Pittsburgh v. Fort Pitt Chemical Company, 345 Pa. 471 (1943). It is, in fact, section 31 of the Act of 1923 that is the current provision giving a preferred position, for purposes of divestiture, to a municipal claim. It is the same section that removes the protection from a second sale. But it did provide a device—actual notice to lienholders, in addition to the usual notices of a sale—by which they could take steps to protect their interests since their liens were being divested. The only reason this case arose is that the contemplated purpose of this device was frustrated by the city's failure to produce an up-to-date search indicating the claim of the use plaintiff. As a result the latter was deprived of the opportunity the act meant to afford it.

Because it was so deprived, use plaintiff asserts that its lien is still valid and subsisting, since otherwise it would be denied due process of law. This contention must fail. Against the historical background outlined above, it is apparent that the legislature could have provided for the discharge of this lien without the special notice provision of the act. The fact that it did require such notice and that the requirement was not satisfied gives rise not to a constitutional question but to a question of statutory interpretation. Plaintiff

could not complain if it were not entitled to any special notice; in failing to get what the act entitled it to, its complaint is not properly one of unconstitutional deprivation but rather of noncompliance with the statute. Recourse for the loss of this benefit must be found not in basic constitutional guarantees but in the remedy, if any, that the legislature meant to give.

There are a variety of possibilities for adjusting the interest of the parties where the procedure undertaken fell below the standard the act presupposes. The act itself provides none. Use plaintiff contends the lien should remain on the property. The purchaser at the sale urges that the lien was discharged and that any recourse of use plaintiff should be against the city, which in turn relies on the doctrine of caveat emptor to throw any loss on the purchaser.

As indicated above, the protection of liens from discharge must come from a statute. The broad, unequivocal language of section 31 of the Act of 1923 is sufficient to deny that protection in a second sale. Reference to the purpose of the act—to encourage bidders at the sale by offering them unencumbered title—reinforces the conclusion: Erie v. Piece of Land, 339 Pa. 321 (1940). The fact that the lienor here was deprived of the benefit of specific notice cannot alter the result, since the assured success of the notice requirement was not made a condition precedent to a sale free and clear. The city purported to satisfy that requirement and thus obtained a decree for the sale. That decree would seem the only condition necessary to give full effect to the language making the sale free and clear. Hence the purchaser at the sale, defendant here, took free and clear of use plaintiff's lien.

This reasoning leads to a further consequence. Use plaintiff lost the opportunity to protect its interest because of the city's failure to bring its search up to date and give notice to the use plaintiff before obtain-

ing a decree for the second sale. By undertaking to obtain the decree it assumed a duty of due care in making and presenting the search required by the act, since it was readily foreseeable that misconduct in this activity would harm any lienholder of record subsequent to the date of the search and prior to the petition for a decree. There was unquestionably a lack of due care in presenting on October 25, 1949, and October 27, 1949, a search only up to December 13, 1948.

The loss to a lienholder who has been deprived of notice by such negligence may in some cases be difficult to measure. Here there is no problem. The peculiar nature of use plaintiff's claim, in that it was to be paid only by the assessment bills (Act of 1923, sec. 4, 53 PS §2024) establishes the damages from the city's negligence as the amount of the claim, since Eastern has no other means of collecting it after loss of the lien. The city contends, however, that this statutory provision prohibiting recourse against the city precludes any recovery by use plaintiff against it in this action. This position overlooks the well-established line of cases holding that a municipality is liable for improvements, despite contract provisions limiting the manner of payment to assessment bills, where the latter are uncollectible on account of some fault of the municipality: Palmer v. Erie, 337 Pa. 5, (1939), and cases cited. The same rule should apply where the limitation on the means of payment is imposed by statute. In Union Paving Company v. Philadelphia, 125 Pa. Superior Ct. 428 (1937), which involved the statutory provision in question here, the court cited with apparent approval the cases involving contract provisions to the same effect and distinguished them only on a ground not pertinent here.

It may therefore be taken as established that despite

the "no recourse" provision of the Act of 1923, a contractor may recover against the city for the cost of improvements in some situations. Usually the ground of recovery in those cases was breach of contract in failing to give collectible assessment bills. No significant distinction can be drawn where as here the ground of recovery is violation of a statutory duty. Use plaintiff may, as any other lienholder who might be so damaged, hold the city responsible for its negligence.

The exceptions are sustained to the extent of our holding, as we now do, that use plaintiff's liens were discharged by the sheriff's sale and that the purchaser took title free and clear of them.

Judgment is entered in favor of defendant purchaser.

Since the facts are admitted, in order to give final relief and round out the controversy, we hold that use plaintiff is entitled to judgment against additional defendant. Counsel will prepare and submit to us a calculation of its damages and interest.