## City of Pittsburgh et al. v. Black

Before Marshall, Duff and Weiss, JJ.

*Harry C. Beschel,* tax lien solicitor and *Alvin J. Porsche,* assistant tax lien solicitor, for plaintiffs.

*Audrey O. Bracken,* for defendant.

WEISS, J., March 22, 1954.—On November 28, 1932, at January term, 1933, no. 4928, D. & C., the city filed its lien for 1929 taxes in the sum of $68.75 against the real estate of Grace Aleda Hershberger, located in the twentieth ward of that city.

A writ of scire facias was duly issued and served and judgment by default was entered.

A writ of levari facias duly issued and the real estate was offered and read at public sale by the sheriff, whereat the sheriff read special directions filed by the city fixing an upset sale price of $3,659.15 in accordance with section 29 of the Act of May 16, 1923, P. L. 207, 53 PS §2049, and not receiving any bids, the sheriff postponed the sale.

Thereafter, the city presented its petition under section 31 of the aforesaid Act of 1923 (53 PS §2051) to which was attached a title search showing a *first* mortgage in the sum of $3,000 given by Grace Hershberger Harger et vir to Peter Seibel and later assigned to Matilda C. Fleck. This mortgage was dated January 4, 1921, and recorded January 5, 1921, and thereupon the court entered a rule to show cause why the real estate should not be sold at a subsequent sheriff's sale to the highest bidder, free and clear of that mortgage. This rule was duly served on Matilda C. Fleck.

Pursuant to an agreement among plaintiffs authorized by the Act of July 28, 1941, P. L. 536, the city being the highest bidder, the sheriff's deed was duly executed to plaintiffs.

On February 20, 1950, after the period for redemption from tax sale had expired, plaintiffs entered into a written agreement with defendant to deliver a good and marketable title to said real estate to defendant upon payment of the sum of $3,060.

A search of title made for defendant disclosed a second mortgage given by Grace A. Harger and George D. Harger, her husband, to George H. Hershberger and Rudolph L. Gromentine and J. Herbert Hershberger, copartners doing business as Thomas P. Hershberger & Sons, assigned to Trustees for West End Savings Bank and Trust Company. This mortgage was dated February 2, 1925, and recorded on March 12, 1925.

This second mortgage was not included in the search of title attached to the petition presented by plaintiffs pursuant to section 31 of the Act of May 16, 1923, P. L. 207, 53 PS §2051, for a rule to show cause why the real estate should not be sold at a second sale free and clear of all claims. Consequently, the assignees of the second mortgage were not served with process nor notified of the sale of the property.

Plaintiffs having entered a friendly action in assumpsit, defendant demurred to the title tendered by plaintiffs.

### Question Involved

Under section 31 of the Act of May 16, 1923, P. L. 207, 53 PS §2051, is a second mortgage lien divested when the title search presented to the court includes the first mortgage but not the second mortgage and consequently no notice is given to the assignees of the second mortgagees?

### Discussion

It is recognized law in Pennsylvania and the general rule that a sheriff's sale divests all liens, even though made on a junior encumbrance.

This general rule was modified by the Act of April 30, 1929, P. L. 84, which preserved liens of taxes, municipal claims and mortgages in certain circumstances. The Act of 1929, supra, provided that in a judicial sale for taxes, a mortgage which is prior to all other liens upon the property, except for other mortgages and other specific exceptions enumerated in the act, is *preserved from divestiture:* Pittsburgh et al. v. Fort Pitt Chemical Company, 345 Pa. 471.

A prior mortgage can be divested *only* by a second sale on a judgment secured for arrears of taxes under the Act of May 16, 1923, P. L. 207, sec. 31, 53 PS §2051, if the procedure provided therein is followed exactly: Erie v. Piece of Land, 339 Pa. 321 (1940).

The Act of May 16, 1923, P. L. 207, sec. 31, 53 PS §2051, provides in part:

"In case the property be not sold for a sum sufficient to pay all taxes and municipal claims, together with the costs thereon, the plaintiff in any such claim may postpone the sale, without payment of costs, and file his petition setting forth that more than one year has elapsed since the filing of his claim; that he has exposed the property to sheriff's sale thereunder, and was unable to obtain a bid sufficient to pay the upset price in full; and . . . upon the production of searches or a title insurance policy showing the state of the record and the ownership of the property, and of *all* tax and municipal claims, *mortgages*, ground-rents, or other charges on or estates in the land, the court shall grant a rule upon all parties thus shown to be interested to appear and show cause why a decree should not be made that said property be sold, freed, and cleared of their respective claims, mortgages, charges, and estates. If, upon a hearing thereafter, the court is satisfied that service has been made of said rule upon the parties respondent . . . and that the facts stated

in the petition be true, it shall order and decree that said property be sold at a subsequent sheriff's sale day, to be fixed by the court without further advertisement, clear of all claims, liens, mortgages, charges, and estates, to the highest bidder at such sale. . . ." (Italics supplied.)

In the case now before this court en banc, this procedure was not complied with. *A search showing the state of the record and of all mortgages was not produced.* Therefore, an interested party was not notified to appear and show cause why a decree should not be made that the property be sold freed of his respective lien.

We agree with the defendant that this lien is still valid and subsisting and that plaintiffs, purchasers at the second sale, cannot deliver a good and marketable title to defendant.

A judicial sale in foreclosure of a prior mortgage discharges a mortgage later in lien: Act of April 30, 1929, P. L. 874, 21 PS §651. This judicial sale was not a sale foreclosing the first mortgage. *It was a judicial sale for unpaid taxes.* In such a case a lien of a mortgage, protected from divesting at a simple judicial sale, can be divested only by the procedure set forth in the Act of May 16, 1923, P. L. 207, sec. 31, 53 PS §2051, which provides for a second sale free from liens if at the first sale a bid is not received sufficient to pay the upset price in full.

The provisions in the Act of April 30, 1929, P. L. 874, do not repeal or amend the procedure set forth in the Act of 1923. The Supreme Court has held in Pittsburgh v. Fort Pitt Chemical Company, supra, that the Act of April 30, 1929, P. L. 874, 21 PS §651, did not repeal section 31 of the Act of May 16, 1923, P. L. 207, 53 PS §2051.

In School District v. McClane Mining Co., 85 Pitts. L. J. 125, 127 (1937), the court, after quoting part of section 31 of the Act of May 16, 1923, P. L. 207, stated:

"The statute, of which the above section is a part, is a particular enabling act providing a complete system of procedure for the collection of taxes and specifically a method for selling upon a tax lien in a manner that will divest all claims, mortgages, charges and estates, after giving the holders thereof, or claimants thereto, opportunity to be heard. The Act of 1929, invoked by the respondent as a repealer of the Act of 1923, is general legislation for the divestiture of liens. In the absence of express words of repeal, it cannot affect a previous particular statute. . . ."

We are in accord that the Act of 1929 governs procedure and discharge under the first tax sale which is only an ordinary sheriff's sale. The Act of 1923 governs the second sale: Note, 89 University of Pennsylvania Law Review 373, 383 (1941).

We agree with defendant that the second mortgage was not divested with the first mortgage since *this was not a foreclosure of the first mortgage* and since the Act of 1923 provides a complete system for selling upon a tax lien in a manner that will divest all liens, which system is not *affected, repealed or amended* by the Act of 1929.

The preliminary objections are hereby sustained.

### Order of Court

And now, to wit, March 23, 1954, following argument herein, the preliminary objections filed by defendant in the nature of a demurrer to the complaint filed by plaintiff herein are hereby sustained, and it is hereby ordered and decreed that plaintiff herein cannot convey a good and marketable title of the property involved in this proceeding to defendant.