Colbassani, Admrx., Appellant, *v.* Society of Christopher Columbus, et al.

Argued March 5, 1946. Before BALDRIGE, P. J., RHODES, HIRT, RENO, DITHRICH, ROSS and ARNOLD, JJ.

*S. U. Colbassani,* for plaintiff, appellant.

*N. H. Cowdrey,* with him *O'Malley, Harris, Harris & Warren,* for Scranton Lackawanna Trust Co., trustee-intervenor, appellee.

*E. C. Marianelli,* for Society of Christopher Columbus, garnishee, appellee.

*James K. Peck,* for Sally Wayne Sportswear, garnishee, appellee.

OPINION BY ARNOLD, J., July 19, 1946:

The Society of Christopher Columbus gave its mortgage to the Scranton Lackawanna Trust Company to secure $40,000 authorized issue of bonds. At the time of these proceedings there were outstanding $18,400 of said bonds in default. The premises conveyed to the trustee under the mortgage consisted, inter alia, of a property in Old Forge, Lackawanna County, rented to the Sally Wayne Sportswear at $140.00 a month.

Plaintiff-appellant by an action of assumpsit against the Society procured a judgment for $1100, par of the

bonds, thus secured by the mortgage, and issued a writ of attachment execution against the Society, naming the Sportswear as garnishee, and seeking thereby to obtain the rents due or to be due from the tenant, Sportswear.

The Society petitioned to have the writ of attachment execution stayed, and the mortgagee also intervened, with a like prayer. The court below stayed the writ and this appeal followed.

The case was argued here, and determined by the court below, as though the facts were admitted in the two petitions to stay. The case will be disposed of as thus argued.

Assuming that the plaintiff in the attachment execution was not affected by any condition of the mortgage forbidding the process, an attachment execution is available to grasp rents owing by the tenant-garnishee to the landlord-defendant in the writ. The mere fact that the landlord-defendant had given a mortgage pledging the rents will not deny the remedy. The mortgage in this case contained a clause: "Together with . . . the rents . . . thereof." This is but a pledge and under such a clause where there is no default in the mortgage, the mortgagor, and not the mortgagee, is entitled to the rents. If the mortgage becomes in default, the mortgagee can destroy the mortgagor's right to the rents by suing out the mortgage, by bringing ejectment, by entering into possession of the premises, or by giving the tenant formal notice to pay to the mortgagee. Any of these steps results in the pledge being reduced to possession by the pledgee-mortgagee and entitles the latter to the rents. See exhaustive discussion by Judge KELLER in *Bulger v. Wilderman,* 101 Pa. Superior Ct. 168. If, by separate writing or in the mortgage, the rents are not only pledged but also *assigned,* the mortgagee has the right to collect them: *Stanton v. Metropolitan Lumber Co.,* 107 N. J. 343, 152 A. 653. Therefore the attachment execution effected the equivalent of an assignment from the defendant-mortgagor to the plaintiff-

creditor of all the rights of the mortgagor in the rents. If the defendant-mortgagor had a right to collect the rents from the tenant-garnishee, the same right is conferred upon the attaching creditor. But the effect of the writ in thus working an assignment is, however, subject to any prior assignments or pledges of the defendant-mortgagor to others: *Jarecki Manufacturing Company v. Hart Brothers,* 5 Pa. Superior Ct. 422; *Austin-Nichols & Co., Inc., v. Union Trust Co.,* 289 Pa. 341, 137 A. 461. It is said in the appellee's brief, (although the petitions to stay do not aver it) that after the service of the attachment execution on the garnishee, the mortgagee went in and demanded the rents. If this is so, the mortgagee takes as against the plaintiff in the writ, for the reason that he would take as against the mortgagor, and the attaching creditor's rights rose no higher than the defendant-mortgagor's. Regardless of this fact not on the record, the attachment execution fails for another reason.

It is well-settled that the holders of bonds are bound by the conditions of the mortgage given to secure them as the same are incorporated in the bonds by reference. This plaintiff is so bound and the judgment was recovered for the principal and interest of the same defaulted bonds. The trust mortgage contained the following conditions or covenants:

(1). "That the mortgage was for the pro rata benefit and security of all holders of the bonds." (The present plaintiff's judgment represents only about seven per cent. of the outstanding bonds.)

(2). "ARTICLE SIXTH: . . ., and *under no circumstances* shall any bondholder . . . have any right to levy upon or cause the said *mortgaged premises* to be sold under . . . any judgment . . . ; . . . All actions . . . for the purpose . . . of recovering the principal or interest of any bonds *out of the mortgaged property,* shall be maintained only for the equal benefit of all bondholders." (Emphasis supplied.)

The above quoted conditions of the mortgage forbid any individual bondholder (as the plaintiff here) maintaining any action which would transfer to the plaintiff any of the pledged res. Since the rents are a part of the pledged res, and since as to the real estate, from which the rents spring, such action would not lie, it follows that the plaintiff cannot pursue this remedy.

The order of the court below is affirmed.