## Biancardi et al. v. Society of Christopher Columbus, etc., et al.

*E. C. Marianelli,* for plaintiff.

*S. U. Colbassani,* for Maria Colbassani, defendant.

HOBAN, J., January 15, 1947.—The history of this litigation is given in detail in the opinion of Eagen, J., January 24, 1944, authorizing and appointing a re-

ceiver and the opinion and decree nisi of Leach, P. J., July 1, 1944, followed by an order dismissing exceptions thereto on October 18, 1944. This last order had the effect of rescinding the appointment of a receiver, thus requiring the receivers then in possession to file an account and ultimately restore the assets, accounts, etc., to the officers of society defendant. There was some delay by the receivers in filing their account and certain actions were taken by them after October 18, 1944, some of which are made the subject of these pending exceptions. However, on May 1, 1945, the receivers filed their final report, exceptions were filed on behalf of defendant Maria Colbassani, administratrix c. t. a., and are now before us for adjudication. Testimony was heard before the writer of this opinion on November 14, 1945, and subsequently oral argument and briefs submitted. On the belief that the decision in the case of Maria Colbassani, Admx., etc., v. Society of Christopher Columbus et al., 159 Pa. Superior Ct. 414, would substantially affect these proceedings, consideration of these exceptions was suspended for the time. Counsel for defendant, Maria Colbassani, administratrix, etc., insists that the decision of the Superior Court did not render the matters in dispute here moot so far as the interest of Mrs. Colbassani is concerned, so in order to clear the record these exceptions are now adjudicated.

From the testimony, argument and briefs we gather that the position of exceptant is as follows: The original appointment of the receivers having been without warrant in law, as decided by Leach, P. J. (opinion July 1, 1944), all actions of the receivers in diminishing the assets or funds received by them are unlawful and hence subject to exception; that the receivers and their counsel have no right to be compensated out of the funds of the estate; and that in particular all disbursements made after the final decree of Leach,

P. J., of October 18, 1944, are clearly without authority and that the receivers may be surcharged therefor.

The position to the contrary may be stated as follows: All disbursements made by the receivers both before and after October 18, 1944, were made in good faith for the preservation of the property of the society and thus to the benefit of exceptant, both as a bondholder and judgment creditor; that the receivership was applied for and granted in good faith and, therefore, the actions of the receivers are to be judged according to the principles of equity; that the right to compensation of receivers and counsel in a de facto receivership, although their appointment may have been based on a mistake of law, is within the discretion of the court; that the delay in filing the account was occasioned by the necessity for continuing protracted negotiations for a tax settlement, subsequently adjusted to the benefit of the estate; that the receivers could not be formally discharged until their report was filed and confirmed and hence they were obliged to pay necessary expenses during that period.

The decision of the Superior Court in Colbassani, Admx., v. Society, etc., 159 Pa. Superior Ct. 414, does not render the present matter moot. What that case decides is that Mrs. Colbassani as a bondholder cannot take any separate action to obtain satisfaction of her judgments for principal or interest on the bonds out of the pledged res, including the rents, and hence regardless of her position as a judgment creditor she stands in no better position than any other bondholder.

Obviously, the Superior Court decision has effectively brought about the objective of these equity proceedings, that is, to prevent Mrs. Colbassani as a bondholder from obtaining a preferred position as against other bondholders by reason of her judgments; hence furnishes some justification for the initiation of these proceedings, even if the remedy sought was unauthor-

ized to this peculiar class of corporation. The decision, therefore, is important as to the matter of good faith.

But Mrs. Colbassani as a defendant and as a bondholder has a perfect right to except to the report insofar as any expenditures made turn out to be reckless, unjustifiable by necessity, clearly illegal or not for the benefit of the estate. If it would have been good judgment for trustee who could have taken possession under the mortgage to have made such expenditures for the benefit of the estate, it would likewise be good judgment for the receivers to do so, and so far as their actions and expenditures are characterized by good faith and prudent judgment, we are of the opinion that they should be confirmed.

In the light of the principles mentioned above, we are of the opinion that the actions of the receivers were all accomplished in good faith, that the receivers properly accounted for all assets, receipts and disbursements, and that their expenditures were all for the benefit of the estate and hence inured to the benefit of exceptant as a bondholder.

The fees charged by the counsel for the receivers and by the additional receiver were not only justifiable, but in our opinion modest when the work involved and the results accomplished are considered. The considerable saving to the society, made by the compromise of delinquent taxes alone, would justify the fees charged. The allowance of fees to receivers and counsel is within the discretion of the court, even though the receivership may have been unwarranted at law, as subsequently determined here. When the circumstances are such as to make it equitable that the expenses of the receivership be paid out of the fund, a court of equity may so authorize: 45 Am. Jur. §296.

While the de facto receivership continued beyond the date it was ordered dissolved, the court was continually advised of the progress of the negotiations

supporting it, and no motion was made by exceptant to accelerate its termination. The objections to acts done after October 18, 1944, are technical only, and the evidence discloses their value to the estate.

Exceptant cannot claim to be injured by the payment of a portion of the interest due on bonds to holders of five or more, since she was offered the same proportionate amount as other bondholders and refused to accept it. The complaint, if any, might come from a holder of a smaller amount, but the evidence discloses that they had waived their rights. Since exceptant can claim to be in no better position than the other bondholders, her rejection of the offer precludes any benefit to her by this exception.

Now, January 15, 1947, the exceptions to the final report of the receivers are dismissed. The report is confirmed finally. The receivers are directed to turn over to the proper officers of the Society of Christopher Columbus all assets of the society now in their possession and to secure appropriate receipt therefor. Thereafter, upon petition exhibiting compliance with this order, the receivers will be discharged.