In re Robert J. DiTORO, Debtor.

In re Michael J. SACKLE, Debtor.

BA BUSINESS CREDIT CORPORATION, Plaintiff,

v.

Robert J. DiTORO, Defendant.

BA BUSINESS CREDIT CORPORATION, Plaintiff,

v.

Michael J. SACKLE, Defendant.

Bankruptcy Nos. 80–02200K, 80–02201K. Adv. Nos. 80–0622K, 80–0623K.

United States Bankruptcy Court, E. D. Pennsylvania.

Feb. 25, 1982.

Leonard J. Cook, Philadelphia, Pa., for plaintiff.

Jordon R. Pitock, Philadelphia, Pa., for debtors/defendants.

James J. O'Connell, Philadelphia, Pa., Trustee.

## OPINION

WILLIAM A. KING, Jr., Bankruptcy Judge.

The issue presently before the Court is whether a mortgagee, under Section 552(b) of the Bankruptcy Code (The Code), is entitled to rents derived from the mortgaged property after the commencement of the case by virtue of a mortgage agreement executed prior to the filing of the bankruptcy petition.

For the reasons set forth herein, the Court concludes that the mortgagee is entitled to recover only those rents, if any, acquired by the bankruptcy estate after the mortgagee purchased the subject property at a foreclosure sale. As to any rents collected prior to the foreclosure sale, they would be property of the estate and inure to the benefit of general creditors.

On September 5, 1980, the debtors, Michael J. Sackle and Robert J. DiToro, filed petitions for the adjustment of debts under Chapter 13.[1] On October 15, 1980, the plaintiff, BA Business Credit Corporation, filed a complaint for relief from the automatic stay provisions of 11 U.S.C. § 362 to permit them to foreclose on a multi-unit apartment complex located at 1616–18 Spruce Street, Philadelphia, Pennsylvania. By agreement of counsel, the matter was thereafter continued until February 12, 1981.

On February 12, 1981, pursuant to a stipulation signed by all parties in interest, the section 362 automatic stay was modified to permit the plaintiff-mortgagee to foreclose in the event no agreement of sale for the

---

1. This Opinion constitutes the findings of fact and conclusions of law in accordance with the provisions set forth in Rule 752 of the Rules of Bankruptcy Procedure.

subject property was obtained by July 1, 1981. Further, by Order of the Court dated February 12, 1981, the Trustee was Ordered to collect rents and employ a real estate agent for leasing, operating and managing the mortgaged property.

No agreement of sale having been entered into, on September 14, 1981, the subject property was sold to the plaintiff-mortgagee at a sheriff's sale.[2] Further, on October 9, 1981, pursuant to § 1307(a), the debtor converted the case from Chapter 13 to Chapter 7.

Plaintiff alleges that the value of the property received at the foreclosure sale was inadequate to satisfy the value of its secured claim. Consequently, plaintiff argues that it is entitled to recover the rental payments made after the commencement of case and currently held by the trustee or his agent. To support this contention, plaintiff relies on the mortgage agreement executed by the debtor prior to the filing of the bankruptcy petition, which explicitly provides that the rents are security for the mortgage indebtedness. Therefore, the issue presently before the Court is whether post-petition rents are subject to a pre-petition security interest which provides that those rents are to be further security for the mortgage indebtedness.

Section 552 of the Code sets forth the post-petition effects of a security interest. As a general rule, the property that the debtor acquires after the filing of the bankruptcy petition will not be subject to any lien resulting from a security agreement containing an after-acquired property clause entered into by the debtor before the commencement of the case. *See* 11 U.S.C. § 552(a).

However, section 552(b) provides an important exception to this general rule. This subsection provides:

> (b) Except as provided in sections 363, 506(c), 544, 545, 547, and 548 of this title, if the debtor and a secured party enter into a security agreement before the commencement of the case and *if the security interest created by such security agreement extends to property of the debtor acquired before the commencement of the case and to proceeds, product, offspring, rents, or profits of such property, then such security interest extends to such proceeds, product, offspring, rents, or profits acquired after the commencement of the case* to the extent provided by such security agreement and by applicable nonbankruptcy law, except to the extent that the court, after notice and a hearing and based on the equities of the case, orders otherwise.

11 U.S.C. § 552(b) (1979) (emphasis added).

█ Therefore, the post-petition rents are subject to the pre-petition security interest only to the extent provided by the security agreement *and by applicable nonbankruptcy law.*

█ The appropriate non-bankruptcy law to be applied is found in Pennsylvania case law.[3] Under Pennsylvania law, until there is a default *and* subsequent possession by the mortgagee, the rents received by the

---

**2.** It is not disputed that plaintiff purchased the property at the sheriff's sale for $13,900 and, thereafter, satisfied the lien of the senior lienholder by paying to the senior lienholder the sum of $115,851.91, representing principal of $107,504.40 and interest of $8,347.45.

**3.** *See e.g. Butner v. U. S.,* 440 U.S. 48, 99 S.Ct. 914, 59 L.Ed.2d 136 (1979) where the Supreme Court held that, under the Bankruptcy Act of 1898, the question of whether a security interest in property extends to rents and profits derived from that property can only be resolved by reference to state law. The articulated rationale was that property interests are created and defined by state law and unless some federal interest requires a different result, there is no reason why such interests should be analyzed differently simply because an interested party is involved in a bankruptcy proceeding. *Accord, Lewis v. Manufacturing National Bank,* 364 U.S. 603, 609, 81 S.Ct. 347, 350, 5 L.Ed.2d 323 (1961). Similarly, section 552(b) of the Code refers to non-bankruptcy law [applicable state law] to determine whether a security interest in property extends to rents. However, unlike the Bankruptcy Act of 1898, section 552(b) grants the bankruptcy court discretion, on equitable grounds, to modify or alter the security interest. *See* H.R.Rep.No. 95–595, 95th Cong., 1st Sess. 376–77 (1977); S.Rep.No. 95–989, 95th Cong., 2d Sess. 91 (1978), U.S. Code Cong. & Admin.News 1978, p. 5787.

mortgagor are property of the mortgagor, or, in this instance, the estate. *Malamut v. Haines et al*, 51 F.Supp. 837, 843 (M.D.Pa. 1943). *See Easton Theatres, Inc. v. Wells Fargo Land and Mortgage Co., Inc.*, 485 Pa. 256, 401 A.2d 1333 (1979); *Fogarty v. Mount Carmel Transit Co. et al*, 367 Pa. 447, 80 A.2d 727 (1951); *Colbassani v. Society of Christopher Columbus*, 159 Pa.Super. 414, 48 A.2d 106 (1946); *Peoples-Pittsburgh Trust Co. v. Henshaw et al*, 141 Pa.Super. 585, 15 A.2d 711 (1940).

In other words, plaintiff would not be entitled to recover any post-petition rents until there was a default and plaintiff became a mortgagee in possession. It is uncontradicted that the debtors defaulted on the obligation. Yet, at no time did the plaintiff acquire possession of the subject property as a mortgagee in possession. Rather, Plaintiff acquired possession by purchasing the subject property at a September 14, 1981 foreclosure sale. Therefore, plaintiff is entitled to recover, not as the mortgagee in possession, but rather as a *bona fide purchaser of the rental property*, those rents, if any, acquired by the bankruptcy estate after the September 14, 1981 sale.[4]

As to any rents collected prior to September 14, 1981, they would be property of the estate and inure to the benefit of general creditors. This is in accordance with applicable non-bankruptcy law which requires possession by the mortgagee as a prerequisite to the collection of rents. *Malamut*, 51 F.Supp. at 843; *Easton Theatres*, 485 Pa. at 256, 401 A.2d at 1333.

As a final procedural matter, the Court notes that the Trustee was not joined in the complaint. The Trustee is a necessary party defendant in cases where the plaintiff is seeking relief from the automatic stay. *In re DiBona*, 7 B.R. 798 (Bkrtcy.E. D.Pa.1980). In this case, however, the Court notes that the record reflects the Trustee's involvement in the case. The Trustee had adequate opportunity to intervene in the action if an interest of the estate was threatened. As a result, the Court finds the procedural defect is cured.

---

4. *See* e.g. *In re Berdick*, 56 F.2d 288 (S.D.N.Y. 1931), where under the Bankruptcy Act of 1898, the Court held that where a mortgage agreement executed by a bankrupt contained a clause assigning rents to the mortgagee, only those rents accruing after default and possession passed to the mortgagee and not to the mortgagor's trustee in bankruptcy. *Cf. In re Abernathy*, 10 B.R. 418, 419 (Bkrtcy.M.D.Ala. 1981).