In re Robert J. DiTORO, Debtor.

In re Michael J. SACKLE, Debtor.

BA BUSINESS CREDIT CORPORA-
TION, Plaintiff,

v.

Robert J. DiTORO, Defendant.

BA BUSINESS CREDIT CORPORA-
TION, Plaintiff,

v.

Michael J. SACKLE, Defendant.

Bankruptcy Nos. 80–02200K, 80–02201K.
Adv. Nos. 80–0622K, 80–0623K.

United States Bankruptcy Court,
E. D. Pennsylvania.

Aug. 11, 1982.

Leonard J. Cook, Philadelphia, Pa., for plaintiff.

Jordon R. Pitock, Philadelphia, Pa., for debtors/defendants.

James J. O'Connell, Philadelphia, Pa., Trustee.

OPINION

WILLIAM A. KING, Jr., Bankruptcy Judge.

This case reaches the Court on a motion for reconsideration of our Opinion and Order entered on February 25, 1982. The Court ordered that the mortgagee plaintiff and movant herein, was only entitled to a certain portion of funds held by the trustee in an escrow account. Upon review of the plaintiff's memorandum of law and upon further research, the Court will grant re-

consideration. An appropriate order will be entered; and the order of February 25th will be vacated.[1]

The facts of this case were set forth in the Opinion filed by the Court on February 25th. See, In re DiToro, 17 B.R. 836 (Bkrtcy.E.D.Pa.1982). The controversy in this case revolves around the escrow account, which contains a sum in excess of $6,000, held by the trustee. The plaintiff had commenced proceedings in mortgage foreclosure prior to the filing of the bankruptcy. This effort was thwarted by the filing of the petition. The mortgagee, however, filed a complaint for relief from the stay imposed by § 362 of the Bankruptcy Code. The case was never fully litigated. Instead, an escrow account for the rents from the property was established by the trustee as part of a settlement agreement.[2] Subsequently, the mortgagee foreclosed on the property pursuant to the settlement stipulation. After foreclosure, the mortgagee sought turnover of the escrow account. The debtors sought to exempt the funds in the account pursuant to 11 U.S.C. § 522(d).

The Court originally denied turnover on the basis that the mortgagee was not entitled to rents and profits until he became a mortgagee in possession. 17 B.R. at p. 839. Plaintiff asserts that the Court failed to consider the doctrine of constructive possession. The mortgagee urges the Court to consider the case of Butner v. U. S.,[3] wherein the Supreme Court stated:

"In most States, the mortgagee's right to rents is dependent upon his taking *actual or constructive possession of the property by means of a foreclosure, the appointment of a receiver for his benefit, or some similar legal proceeding.*" (Emphasis supplied).

440 U.S. at pp. 52–53, 99 S.Ct. at 916–917. The plaintiff also cites this Court to *Collier on Bankruptcy*[4] which provides that:

"If, therefore, prior to bankruptcy, the mortgagee has secured possession, *commenced foreclosure proceedings*, secured the appointment of a receiver for the property or has in any other manner acceptable under the mortgage and applicable state law sequestered or attached the rents and profits, it is clear under the rule just stated that the mortgagor's trustee has no rights as to such rents and profits from the property when bankruptcy ensues." (Emphasis supplied).

*Collier*, at pp. 159–162.

The authorities provided by the plaintiff are both well-reasoned and exalted in this field of law. Following the doctrine laid down by *Butner*, however, the Court must apply applicable state law in examining the extent of the mortgagee's security interest.[5]

■ Under Pennsylvania law, a mortgage acts as a pledge of the land as security

---

1. This Opinion constitutes the findings of fact and conclusions of law required by Rule 752 of the Rules of Bankruptcy Procedure.

2. The property in question is a small apartment building. The trustee engaged a real estate agent to collect the rents which were deposited in the escrow account.

3. 440 U.S. 48, 99 S.Ct. 914, 59 L.Ed.2d 136 (1979).

4. 4A Collier on Bankruptcy (14th Ed.) at pp. 159–162.

5. *See, Butner v. U. S.*, 440 U.S. 48, 99 S.Ct. 914, 59 L.Ed.2d 136 (1979) where the Supreme Court held that, under the Bankruptcy Act of 1898, the question of whether a security interest in property extends to rents and profits derived from that property can only be resolved by reference to state law. The articulated rationale was that property interests are created and defined by state law and unless some federal interest requires a different result, there is no reason why such interests should be analyzed differently simply because an interested party is involved in a bankruptcy proceeding. *Accord, Lewis v. Manufacturing National Bank*, 364 U.S. 603, 609, 81 S.Ct. 347, 350, 5 L.Ed.2d 323 (1961). Similarly, section 552(b) of the Code refers to non-bankruptcy law [applicable state law] to determine whether a security interest in property extends to rents. However, unlike the Bankruptcy Act of 1898, section 552(b) grants the bankruptcy court discretion, on equitable grounds, to modify or alter the security interest. *See* H.R.Rep.No.95–595, 95th Cong., 1st Sess. (1977); S.Rep.No.93–989, 95th Cong., 2d Sess. 91 (1978), U.S.Code Cong. & Admin.News 1978, p. 5787.

for the debt.[6] The mortgagee is possessed of broad rights and several remedies of which he may avail himself should the mortgagor default on the obligation. For example:

> In case of default, the mortgagee may proceed on the bond, or he may issue a scire facias on the mortgage, but he is not limited to those remedies. He may also bring ejectment against the mortgagor, and those claiming under him, to recover the possession. His right of possession is not founded on his right to bring ejectment; his right to bring ejectment is based rather on his right to possession under the mortgage; and if he can enter on the premises, without any breach of the peace, he has the right to do so and take the profits until his debt is paid: *Erny v. Sauer*, 234 Pa. 330, 334 [83 A. 205, Ann.Cas. 1913C, 1241].

*Malamut v. Haines*, 51 F.Supp. 837 (W.D. Pa.1943) at p. 841.

▪ As a general proposition, however, a mortgagee has no absolute right to rents and profits until he becomes a mortgagee in possession. The Superior Court of Pennsylvania has held that:

> In order to acquire the right to demand payment of the rent to the mortgagee there must be an entry and taking of possession by the mortgagee. Lacking such entry and taking possession he must proceed by ejectment or foreclosure as aforesaid.

*Peoples-Pittsburgh Trust Co. v. Henshaw et al*, 141 Pa.Super. 585, 15 A.2d 711 (1940) at pp. 715–716. Plaintiff avers that they achieved *constructive* possession of the property by filing of the complaint in mortgage foreclosure. Constructive possession, plaintiff argues, is sufficient to confer upon him the right to the proceeds of the rent collected by the trustee. The Court is not entirely in agreement with this position and reasoning.

▪ In the instant case, however, the Court finds substantial reasons for granting reconsideration of the original decision. Al-

though the status of constructive possession of the mortgagee has not been clearly recognized by the courts of the Commonwealth, there is authority holding that:

> If the mortgagor goes into bankruptcy (*Bindseil v. Liberty Trust Co.*, 3 Cir., 248 F. 112, Woolley, J.), or an attachment execution is levied upon the rents in the hands of the tenant, (*Miners Savings Bank v. Thomas*, 140 Pa.Super. 5, 12 A.2d 810), and the rent, in consequence, comes into the custody or control of the law, the priority of the mortgagee will be recognized and the rents distributed to the mortgagee in preference to the general creditors or attaching creditor, as the case may be, at least where the mortgage conveys the rents, issues and profits accruing under subsequent leases and the mortgagee gives notice of his demand for their payment.

*Peoples-Pittsburgh Trust Co. v. Henshaw et al.*, 15 A.2d at p. 716. The Court agrees with this holding of the Superior Court and will follow this ruling in the case *sub judice.*

The Court also finds that the escrow account was established to protect the mortgagee's interest. The rents were collected and escrowed by the trustee in order to prevent potential dissipation of the funds. It would work a substantial injustice to deprive the mortgagee of these funds, as well as costing him the benefit of his settlement agreement, at this late date.

The Court will enter an Order directing the trustee to disburse all funds in the escrow account, minus administrative costs allowed by § 506(c) of the Bankruptcy Code, to the plaintiff. The Court anticipates that the plaintiff and trustee will be able to enter into a stipulation concerning the allowance of expenses. The Court will direct the filing of said stipulation within ten (10) days. If an agreement cannot be reached, the trustee shall file an appropriate application within the same period.

**6.** *Malamut v. Haines*, 51 F.Supp. 837 (M.D.Pa. 1943).