In re Calvin **LUCAS**, **Jr.**, a/k/a Calvin Lucas, Individually and t/a Skip's Performance, Skip's Auto Truck & Van-Van Mania, CVC, Skip's Speed Enterprises, Debtor.

Bankruptcy No. 80–01768 T.

United States Bankruptcy Court,
E.D. Pennsylvania.

Jan. 29, 1985.

806

Allan B. Goodman, Bethlehem, Pa., for debtor.

David G. Campbell, Reading, Pa., for Bank of Pennsylvania.

James G. Watt, Allentown, Pa., for Ravin R. Mill.

Karl E. Friend, Allentown, Pa., trustee.

## MEMORANDUM OPINION

THOMAS M. TWARDOWSKI, Bankruptcy Judge.

A public sale of the Chapter 7 debtor's personal property by the bankruptcy trustee realized a net sum of $5,138.00, which the trustee continues to hold in escrow. It is undisputed that all of the property sold was encumbered by a valid security interest held by the Bank of Pennsylvania ("Bank") and served as security for the debtor's debt to the Bank of approximately $19,000.00.

Presently before us is the Bank's application requesting that the trustee be ordered to pay to the Bank the net proceeds of the sale. The only objection to the Bank's application was filed by Ravin R. Mill ("Mill"), the debtor's landlord. Mill has two separate grounds for objection. First, he claims that he held a lien on the property which was sold and that the lien was superior to that of the Bank. This claim is based upon Pennsylvania law, specifically 68 P.S. § 322 (Purdon). According to this statute, a landlord who has distrained for rent is entitled to a first priority lien on the proceeds of the sale of the tenant's personal property under certain circumstances. Mill admits that he did not distrain for rent against the debtor, but merely had a judgment for possession and a judgment for delinquent rent against the debtor at the time the debtor filed his bankruptcy petition. Mill states that he would have proceeded to distrain for rent against the debtor had such action not been automatically stayed by 11 U.S.C. § 362(a) upon the debtor's bankruptcy filing. He further states that his obtaining of a judgment for delinquent rent was a necessary prerequisite to his proceeding to distrain for rent against the debtor. Therefore, Mill argues that he had a "constructive distraint" upon the property of the debtor which the trustee sold and had a corresponding first priority lien on the sale proceeds under 68 P.S. § 322. However, Mill has cited no Pennsylvania authority in support of his "constructive distraint" theory, nor are we aware of any. The only case which Mill cites in this regard is *In re DiToro*, 22 B.R. 392 (Bankr.E.D.Pa.1982). However, *DiToro* addressed the entirely separate issue of a mortgagee's entitlement, under Pennsylvania law, to post-petition rental payments made by tenants of the debtor's real property. Also, while the Court in *DiToro* found for the mortgagee under the particular facts of the case, the Court, contrary to Mill's suggestion, specifically found that the Pennsylvania courts have not clearly recognized the theory that a mortgagee who has filed a pre-petition foreclosure complaint has "constructive possession" of a debtor's real property for the purpose of entitlement to post-petition rental payments made by a debtor's tenants. Therefore, Mill's attempt to analogize between his own "constructive distraint" theory and *DiToro's* alleged "constructive possession" theory is without merit, and we determine that Mill had no lien against the subject personal property under 68 P.S. § 322.

Mill's other objection to the Bank's application involves his claimed entitlement to compensation from the sale proceeds for allowing the debtor's personal property to remain on the leased premises during the approximately four months between the debtor's bankruptcy filing and the sale and for allowing the sale to take place on his premises. Mill contends that the Bank impliedly consented to Mill's entitlement to

such compensation by not requesting abandonment of the debtor's personal property, by not providing alternative storage of the property, and by not objecting to the sale. Mill cites no authority for this contention, and we simply conclude that he is not entitled to any compensation from the sale proceeds on this basis. Mill has filed a formal proof of claim for "administrative rent", which will be considered by this Court in conjunction with other such claims as part of the final audit of the estate.

For the foregoing reasons, we shall grant the Bank's application and deny Mill's objection thereto.