## Berks-Lehigh Valley Production Credit Association v. Gerhard

*Thomas S. Nanovic,* for plaintiff.

*James A. Schneider,* for defendants.

LAVELLE, *P.J.,* March 15, 1988 — In this mortgage foreclosure action, defendants contend they are not in default on notes secured by a mortgage because the mortgage instrument itself does not expressly contain the terms of repayment. This defense is totally devoid of legal merit, and we shall enter a verdict in favor of plaintiff.

After a bench trial on October 5, 1987, we make the following findings of fact in narrative form.

## FINDINGS OF FACT

Plaintiff, Berks-Lehigh Valley Production Credit Association (Berks), is a lending institution having its principal place of business at Fogelsville, Pennsylvania. Defendant Carbon County Sunny Side Farms is a Pennsylvania corporation having its principal place of business in Weatherly, Pa. Defendant Mark J. Gerhard is the sole stockholder of Sunny Side Farms.

On May 17, 1982, Gerhard and Sunny Side Farms executed three notes which provided that they would pay Berks, upon demand, a total of $98,500 "or whatever lesser sum may be advanced by [Berks]." Concurrently with executing the notes, Gerhard and Sunny Side Farms executed a mortgage naming Berks as mortgagee, to secure pay-

ment on the notes. This mortgage is recorded in Carbon County Mortgage Book volume 317, page 224.

The notes provided that the full amount of defendants' indebtedness to Berks was due and payable upon demand. However, neither the mortgage nor the notes included installment repayment terms on the loans. Instead, the terms of the installment repayments were listed on the checks which were subsequently provided to defendants at settlement on May 17, 1982.

On August 15, 1986, after defendants failed to make several installment payments on the loans, Berks made a demand for full payment of the notes causing the entire indebtedness to become immediately due and payable. Subsequently, Berks also learned that defendants had failed to keep the premises insured as required by the terms of the mortgage itself. After defendants failed to comply with Berk's demand for full payment, Berks initiated this foreclosure action.

As of the date of hearing, the total amount of principal due on the three loans was $69,714.61 and the total amount of unpaid accrued interest was $2,178.37.

## DISCUSSION

In defending this action, defendants do not dispute that they failed to make the required installment payments on the three loans. However, defendants argue in the alternative that: (1) this mortgage foreclosure action can not be sustained because the installment repayment terms on the indebtedness underlying the mortgage, which have admittedly been breached, do not appear on the face of the mortgage and, therefore, plaintiff's only remedy is

an action in assumpsit on the notes; and (2) this mortgage foreclosure action is premature because the mortgage states that it is not due and payable for 10 years, and therefore, defendants cannot be found to have defaulted on the mortgage until 10 years have passed. We will address these issues seriatim.

## Default on the mortgage

First, defendants argue that because the installment-repayment terms of the three loans do not appear on the face of the mortgage, failure to make the installment payments cannot, as a matter of law, constitute a default on the mortgage. Therefore, defendants contend, plaintiff is relegated solely to a cause of action in assumpsit on the notes. This argument is legally meritless.

Although neither the mortgage nor the notes contain the terms of the installment payment terms, the notes expressly state that the full amount of the indebtedness is payable upon demand. Further, the mortgage expressly incorporates the terms of the notes, in their entirety, in the introductory paragraph or the "premises" of the mortgage and again in the third and fourteenth paragraphs of the mortgagor's covenants, which provide respectively as follows:

"Whereas, the mortgagor, by a certain note or notes, stands held and firmly bound unto the mortgagee in a certain sum conditioned upon the payment when due to the mortgagee of all indebtedness of the mortgagor to the mortgagee now existing or hereafter arising within 10 years from the date hereof . . . together with interest thereon in accordance with the terms of the note or notes evidencing such indebtedness, and conditioned upon the performance of each and all of the terms, covenants and conditions thereof. . . .

"Third: That he will cause to be paid when due all indebtedness hereby secured . . . in accordance with the terms of . . . the note or notes secured hereby. . . .

"Fourteenth: That upon default in the payment of the indebtedness secured hereby, or any part thereof, as the same shall become due or payable, or in the event of a breach of any of the terms, covenants and conditions of this mortgage or the note or notes secured hereby . . . the entire indebtedness secured by the mortgage shall, at the option of the mortgagee, become immediately due and payable. . . ."

Defendants do not dispute that they received a demand from plaintiff to pay the full amount of the indebtedness and thereafter failed to make payment in full. Therefore, notwithstanding the absence of these installment payment terms in the mortgage and notes, defendants have clearly defaulted on the mortgage by not paying the full indebtedness under the notes upon demand.

Moreover, even had the mortgage not expressly incorporated the terms of the notes, as a general rule of construction, where a bond or note is given as part of the same transaction as the mortgage, the two instruments must be read together. See *Colbassani v. Society of Christopher Columbus,* 159 Pa. Super. 414, 48 A.2d 106 (1946).

Although our independent research has revealed no factually apposite appellate case, we have discovered that the same contention defendants raise here was addressed by our distinguished colleague, Judge Rufe, of the Court of Common Pleas of Bucks County in *First Federal Savings & Loan Association v. Street Road Shopping Center Inc.,* 68 D.&C. 2d 751 (1975). In that case, which involved a bond as opposed to a note, defendant argued that:

"[O]nce plaintiff elects to proceed in mortgage foreclosure rather than in assumpsit on the bond, plaintiff is restricted to the terms and provisions of the mortgage only and may not rely on alleged violations of the terms of the bond. Therefore, the argument continues, since the mortgage instrument itself did not contain provisions allegedly violated, plaintiff cannot rely on the bond violations in mortgage foreclosure, but must bring an action in assumpsit on the bond. In short, to sustain an action on the mortgage foreclosure, the court must look within the four corners of the mortgage instrument alone." *Id.* at 753-4.

In rejecting this argument, Judge Rufe opined as follows:

"While it is true that the mortgage instrument itself refers only to the principal sum and the metes and bounds description of the real estate security, the mortgage incorporates the bond by reference and directs the reader of the mortgage to the bond for its terms and conditions of payment a total of seven times. The bond was executed simultaneously with the mortgage and the two documents clearly relate to each other. The practice of incorporating documents by reference has long been established in Pennsylvania and is defined in Black's Law Dictionary as follows: 'The method of making one document of any kind become a part of another separate document by referring to the former in the latter, and declaring that the former shall be taken and considered as a part of the latter the same as if it were fully set out therein': Black's Law Dictionary, *Incorporation* at 907 (4th ed.). While the court was not referred to any cases in which mortgages were construed to include the bond terms incorporated by reference, nor has any independent research disclosed any, there are ample cases in the

analogous area of bonds incorporating the terms of guaranteed contracts by reference[.] We hold that the terms and conditions set forth in the bond are incorporated in the mortgage in their entirety by reference thereto when, as here, both documents were executed and delivered simultaneously as part of the same transaction, and the bond terms and conditions are clearly ascertainable and clearly relate to the repayment of the obligation secured by the mortgage." *Id.* at 754-5. (citations omitted.)

We agree with the sound reasoning of Judge Rufe and adopt it in the instant case. Here, as we have previously stated, the mortgage clearly incorporated the terms of the notes by reference. Furthermore, the mortgage and the notes were executed and delivered simultaneously as part of the same transaction and the terms and conditions of the notes are clearly ascertainable and clearly relate to the repayment of the obligation secured by the mortgage. Therefore, the fact that there the mortgage itself did not contain any repayment terms is meaningless because in determining whether a default on the mortgage has occurred, the court must read the mortgage and the notes together.

Moreover, even if our disposition of this issue concerning incorporation of the terms of the notes was in favor of defendants, we would, in any event, still find that defendants have defaulted on the mortgage because the unrebutted testimony at trial clearly showed that defendants failed to keep the property insured. Failure to keep the property insured is, in and of itself, clearly a default on defendants' obligations as set forth on the face of the mortgage.

### *Propriety of mortgage foreclosure action*

It is well-settled in this commonwealth that the holder of a mortgage which is in default is not

relegated to an action on the underlying obligation and may legally proceed to enforce it either by foreclosure proceedings on the mortgage or by obtaining judgment on the bond or note accompanying the mortgage. *Bank of Pennsylvania v. G/N Enterprises,* 316 Pa. Super. 367, 463 A.2d 4 (1983); *Cooper v. Lucas,* 152 Pa. Super. 655, 33 A.2d 466 (1943). In the present case, having previously found in this opinion that defendants have defaulted on the mortgage by failing to keep the premises insured and by failing to pay the notes in full upon demand, this action in mortgage foreclosure is clearly authorized by law.

Moreover, the mortgage itself authorizes this action in mortgage foreclosure upon a default in payment on the notes. Paragraph 14 of the mortgage provides, inter alia, as follows:

"That upon default of the indebtedness secured hereby, or any part thereof, as the same shall become due and payable, or in the event of a breach of any of the terms, covenants and conditions of this mortgage or the note or notes secured hereby . . . the entire indebtedness secured by the mortgage shall . . . become immediately due and payable and, in addition to any other remedy provided by law, the mortgagee may institute an action to foreclose this mortgage forthwith and prosecute the same to judgment. . . ."

### Payable within 10 years

Lastly, defendant contends that because "the mortgage states on its face that it is not due and payable for 10 years," defendants could not be in default on the mortgage until 10 years have passed. This argument is frivolous.

Contrary to defendants' contention, the mortgage does not state that "it is not due and payable for 10

years," but instead, the mortgage merely provides that the mortgagor will pay all existing or future indebtedness under the notes within 10 years. The mortgage provides as follows:

"Whereas, the mortgagor, by a certain note or notes, stands held and firmly bound unto the mortgagee in a certain sum conditioned upon the payment when due to the mortgagee of all indebtedness of the mortgagor to the mortgagee now existing or hereafter arising within 10 years from the date hereof. . . ."

*Reasonable attorney's fees and reimbursement of payment of insurance*

In the plaintiff's amended complaint, plaintiff requests, inter alia, $2,000 in "[r]easonable attorney's fees as per the terms of the mortgage." However, plaintiff has presented absolutely no evidence to the court concerning the nature and amount of legal services rendered upon which we could make a determination of reasonableness. Additionally, plaintiff's amended complaint seeks $1,087 in insurance premiums advanced. Although we have no doubt that Berks made a payment of the insurance premium, as to the amount advanced, this record contains only the allegation of plaintiff's amended complaint and bespeaks no evidence of the amount paid by Berks. Accordingly, on this barren record, we must dismiss plaintiff's claim for reasonable attorney's fees and reimbursement for payment of the insurance premium.

For the foregoing reasons, we enter the following

## ORDER

And now, March 15, 1988, it is ordered and decreed that a verdict is entered in favor of plaintiff, Berks-Lehigh Valley Production Credit Association,

and against defendants, Mark J. Gerhard and Carbon County Sunny Side Farms Inc., in the amount of $71,892.98.